COMMONWEALTH vs. CERTAIN INTOXICATING LIQUORS, John Harvey, claimant.

In the provisions of the St. of 1869, c. 415, § 44, for the making to "a justice of the peace or police court" of a complaint of the keeping of intoxicating liquors for unlawful sale and for the issue of a search warrant by "such justice or court" upon proof of probable truth of the complaint; the phrase "police court" designates the tribunal by its character and jurisdiction, without regard to its style.

The municipal court of the city of Boston is a police court within the meaning of the St. of 1869, c. 415, § 44.

By the St. of 1869, c. 17, § 2, the municipal court of the city of Boston has concurrent jurisdiction with the municipal court for the southern district of the city of Boston of complaints on the St. of 1869, c. 415, § 44, for causes arising in said southern district.

A record of proceedings in a police court upon a complaint on the St. of 1869, c. 415, § 44, which sets forth the complaint as subscribed by the two complainants and indorsed with a certificate of the clerk of the court as "received and sworn to;" and which, in the preamble of the search warrant, sets forth that the complaint was made "on oath" by said two complainants, and that they were both of full age and competent to testify; sufficiently shows that the complainants both signed the complaint and were both sworn.

The adjudication of a police court, to which a complaint is made on the St. of 1869, c. 415, § 44, preliminary to the issue of a search warrant, that there is probable cause to believe the complaint to be true, is conclusive and final.

COMPLAINT on the St. of 1869, c. 415, § 44, by William Mooney and Benjamin H. Linscott, "to the justices of the municipal court of the city of Boston, holden at said Boston for the transaction of criminal business within and for said county," for a warrant of search for certain intoxicating liquors. This complaint alleged that on July 7, 1869, the liquors, which it described, "were, and still are, kept and deposited by John Harvey of said Boston, in a certain dwelling-house situate on Portland Street, and numbered 57 on said street in said Boston, and occupied by said Harvey as a place of common resort kept therein," and that they were intended by Harvey for unlawful sale in this Commonwealth; and continued thus: "An I, William Mooney, one of the above named complainants, on oath say, that I have reason to believe, and do believe, that intoxicating liquor, such as is above mentioned, has been sold in the house above mentioned by the occupant of said house, and with the consent and permission of the occupant of said house, contrary to law within one month next before this day, and

that said liquor above mentioned is now kept in said house for sale by said Harvey contrary to law; and my belief aforesaid is founded on the following facts and circumstances: that sales of intoxicating liquors have been made in said dwelling-house within the time specified, and that a public bar-room is kept and maintained therein." It was then subscribed both by Mooney and Linscott; and was indorsed with a certificate of the clerk of the court as follows: "Received and sworn to at said Boston, before said court, this 7th day of July, in the year 1869; and it appears to said court that there is probable cause to believe the foregoing complaint to be true."

On this complaint the court issued a warrant of search, which recited that, "whereas William Mooney and Benjamin H. Linscott," "both of full age and competent to testify," on July 7, 1869, at Boston, in behalf of the Commonwealth, "on oath complained" to the court, &c., (setting forth here all the allegations of the complaint, except the special affidavit of Mooney above quoted,) "and William Mooney, one of the said complainants, has duly made oath," &c., (setting forth here the allegations of that affidavit,) "and whereas it appears to said court, on the complaint aforesaid, that probable cause has been shown for the issuing of a warrant of search thereupon," therefore the officers were required to search "said dwelling-house," and make seizure, &c. But it was nowhere alleged, either in the complaint or the warrant, that said dwelling-house was not in the southern district of Boston.

On this warrant, certain intoxicating liquors, and the vessels in which they were contained, were seized upon the search of the premises described, and, upon the return of the warrant into the court from which it was issued, the property seized appearing to exceed twenty dollars in value, notice was ordered to be given to Harvey to appear in the superior court, pursuant to § 56 of the statute.

In the superior court, Harvey appeared as claimant, and filed a motion to quash the proceedings for the following reasons: 1. "that it does not appear that the complaint was made before a justice of the peace or police court, or that the warrant of

search was issued by a justice of the peace or police court, as the law requires, and the complaint was not so made : " 2. " that it does not appear, by or from said complaint, that the court below had jurisdiction of the offence set forth, or that the alleged offence and keeping of said liquors and vessels was not committed, had and done within the southern district of the city of Boston ; " 3. " that it does not appear from the complaint herein, that either of the complainants severally swore to the complaint, or that they made oath or affirmation thereto, or that they signed the same." Thereupon, by agreement of the claimant and the attorney for the Commonwealth, the questions of law arising on this motion were reported by *Scudder*, J., before verdict, for the determination of this court.

*C. F. Donnelly*, for the claimant.

*J. C. Davis*, Assistant Attorney General, (*C. Allen*, Attorney General, with him,) for the Commonwealth.

WELLS, J. 1. The St. of 1869, *c.* 415, § 44, designates the tribunal that is authorized to receive complaints, by its character and jurisdiction, and not by the name it may happen to bear. In this sense, the "municipal court of the city of Boston " is a police court.

2. By St. 1869, *c.* 17, § 2, the municipal court of the city of Boston has concurrent jurisdiction with the municipal court for the southern district of the city of Boston, over cases of this nature arising in said southern district. The exclusive jurisdiction intended by said section has reference to the exclusion of other police courts, as provided in Gen. Sts. *c.* 116, § 12.

3. We think it sufficiently appears by the record, of which the complaint is a part, that the complainants both signed the complaint and were both sworn. If they were sworn at all their oaths were several, and not joint.

It does not appear that the court which issued the warrant "inferred probable cause" from the complaint solely ; and we cannot assume that the fact was so. But if it was so, the complaint contains, in addition to that which charges the offence, an affidavit of facts upon which such "reasonable cause to believe " might properly be found and certified by the court. The

statute, § 45, contemplates that the facts should be so recited; and although the justice or court may require further evidence, it is only necessary that the probable cause should be made to appear to the satisfaction of such justice or court. We cannot go behind the certificate. *Motion to quash overruled.*