MATTHEW ADAMS *vs.* JAMES McGLINCHY *et al.*

Cumberland, 1876.—December 16, 1876.

*Intoxicating Liquors.  Trespass.*

In a search and seizure warrant the omission of the pronoun "them" after the word "bring," in the sentence requiring the officer to bring the respondents into court, is not fatal to its validity.

In such a warrant if all, that is necessary to show that the liquors are liable to forfeiture and the persons arrested to punishment, is set out and the warrant duly issued from a court of competent jurisdiction, it is sufficient to hold the liquors.

One having the exclusive possession of property may maintain an action of trespass against a mere wrong doer.

An officer taking property under a replevin writ, without returning it with a bond into court, is a trespasser and cannot justify on the ground that one aiding him was the general owner of the property. In such case the servant must stand or fall with his master.

ON EXCEPTIONS, from the superior court.    A prior bill of exceptions was before the court, stated in 62 Maine, 533.

TRESPASS, for taking and carrying away thirty-four casks of intoxicating liquors, submitted to the justice under a plea of the general issue, with right of exceptions.

The goods were on July 16, 1872, seized by the plaintiff, Adams, a deputy of the sheriff of Cumberland county, by virtue of an alleged warrant from the municipal court of the city of Portland, on a complaint in a place designated therein to be searched.    The

complaint and warrant and all proceedings therein made part of the case.

The complaint and warrant were substantially of the form prescribed by the statute except that the complaint was attached to and made part of the warrant by reference, and that the allegations in the complaint were not repeated in the warrant; except also that the form in the R. S., c. 27, § 57, pp. 315, 316, was followed without the amendment provided in the acts of 1872, c. 63, § 5, "or shall have reason to believe such person has concealed them about his person," except further the omission of the word "them" after the word "bring," the clause reading, without supplying the omission, as follows: "and to apprehend said McGlinchy and McCue if they may be found in your precinct, and bring        before said court," etc.

On July 27, 1872, while the proceedings on the libel were pending, the defendant, Hall, as coroner, accompanied and assisted by McGlinchy, Hall having in his hands a replevin writ and a bond therewith, wherein the penal sum was $1500 instead of $3000 as required by the writ, and having sufficient force to accomplish their purpose, against the will and protestation of the plaintiff, took the liquors and vessels in which they were contained, from the possession of the plaintiff and delivered them to McGlinchy, who caused them immediately to be removed beyond the limits of the state. No further service of the replevin writ was made, nor was it ever returned into court. The general property in the liquors and vessels was in McGlinchy at the time of the seizure.

McGlinchy asked the justice to rule.

I.   That McGlinchy and Hall, finding the bond insufficient to justify Hall in the service of the writ, were not required to perform the useless ceremony of entering the writ in court, where it would be at once abatable; but are entitled to justify by showing that McGlinchy had a legal right to take the property without any writ.

II, III and IV.   That the warrant was invalid, because it did not direct that any particular person should be brought before the court and because it did not direct the officer to have, or bring before the court the person keeping the liquors, although his name

was stated in the complaint; and that for these reasons McGlinchy, on said twenty-seventh day of July, had the legal right to the possession of the property aforesaid.

V, VI and VII. That inasmuch as said complaint in the municipal court states only that the complainant believes, and not that he has reason to believe, and does not show any reasons or probable cause nor that the magistrate who issued the warrant based on the complaint, had, or was shown, any reasonable cause, the proceedings on said complaint, especially the issuing the warrant which did issue and the search made thereon, violated that part of the first section of article 14, of the amendments to the constitution of the United States, which forbids any state from depriving any person of their life, liberty or property without due process of law; and therefore, the search made by virtue of said warrant, was illegal and unauthorized, and the proceedings upon said complaint, and the search made by virtue of said warrant, were in violation of section 5, article 1, of the constitution of the state of Maine, and therefore said McGlinchy cannot be ordered in this proceeding to return said property.

VIII. That if said warrant and search were illegal for any of the reasons herein claimed by said McGlinchy, the right to avail himself of that illegality, for the purpose of recovering his property in specie, was preserved to him by said part of section 1, article 14, of the amendments to the constitution of the United States and that as by the statutes of Maine, he could not assert said right in the municipal court, except on compliance with the terms of R. S., c. 27, § 37, said part of section 1, article 14, gave him the right to take possession of the liquors either with or without a replevin writ, provided the same could be done without a breach of the peace.

IX. That the proceedings in the municipal court were invalid because there was no adjudication that the liquors were illegally kept and deposited nor of the other matters alleged in the complaint; so that they are not sufficient justification to said Adams in retaining possession of said liquors and did not legally prevent the defendants from taking possession of these liquors and that in default of such adjudication, this suit cannot be maintained.

X, XI, XII and XIII. That so much of R. S., c. 27, § 35, of Maine, as directs the issue of a search warrant upon a mere oath that complainant believes, without other probable cause, violates said part of section 1, article 14, of the amendments to the constitution of the United states, and is therefore invalid, etc.; and that McGlinchy was authorized to take possession of his property at the time he did, even without a replevin writ, provided he could do so without a breach of the peace.

XIV and XV. That upon the facts appearing in this case, said portion of said amendment prevents the maintenance of this suit, and McGlinchy on the twenty-seventh day of July, A. D. 1872, had the legal right to the possession of said property.

Each of which requested rulings was severally refused by the justice, who ruled that the plaintiff was entitled to recover and ordered judgment for him for damages to be hereafter assessed by agreement of parties by the justice of the superior court at market value of liquors and vessels unless the parties agree upon damages.

And the defendants alleged exceptions.

*W. L. Putnam*, for the defendants, cited, as bearing upon the 2d, 3d and 4th requests, the following cases: *Guenther* v. *Day*, 6 Gray, 490. *Com.* v. *Martin*, 105 Mass. 178. *State* v. *Leach*, 38 Maine, 432. *State* v. *Staples*, 37 Maine, 228. *Com.* v. *Kennard*, 8 Pick. 133. *Com.* v. *Crotty*, 10 Allen, 403, 405.

On the 8th request, counsel cited *Preston* v. *Drew*, 33 Maine, 558. *Fisher* v. *McGirr*, 1 Gray, 1, 47, 48, 49. *Ewings* v. *Walker*, 9 Gray, 95, 96. *Rockwell* v. *Nearing*, 35 N. Y. 302.

On the 5th, 6th and 7th requests, he cited *State* v. *Doherty*, 60 Maine, 504. Cooley's Constitutional Limitations, 304. 2 H. P. C. 150. 1 Ch. Crim. L. 65. *Brown* v. *Kelley*, 20 Mich. 27. *Humphries* v. *Parker*, 52 Maine, 502, 505.

*M. M. Butler & C. F. Libbey*, for the plaintiff, cited the case between the same parties; 62 Maine, 533. 2 Greenl. on Ev., § 618. *Demick* v. *Chapman*, 11 Johns. 132. 1 Waterman on Trespass, 515.

On the constitutionality of the law, they cited *State* v. *Miller*, 48 Maine, 576. *Bartemeyer* v. *Iowa*, 18 Wall. 129.

On the omission of the word "them," the counsel answer that the sentence is good English as it stands; that the words "Mc-Glinchy" and "McCue" are the direct objects of the verb "to bring," as well as of the verb to apprehend; simply following the Latin idiom in being placed before the former verb.

To the objection that the warrant was issued on complaint based upon belief, the counsel said that search warrants have been issued for the last half century, founded upon the oath of the complainant that he had reason to suspect, and did suspect, &c.; that to believe is a much stronger term than suspect, suspicion implying doubt, while belief implies confidence, authority; when a man swears he believes, he impliedly swears that he, at least, however it may be with others, has reason—authority for his belief. *Com.* v. *Lottery Tickets*, 5 Cush. 369.

DANFORTH, J. This is an action of trespass to recover the value of a quantity of intoxicating liquors taken from the possession of the plaintiff. The case was submitted to the justice of the superior court with the right of exceptions.

It appears that the plaintiff, a deputy sheriff duly qualified, had taken the liquors from one of the defendants, as being liable to forfeiture, by virtue of a warrant issued from the municipal court for the city of Portland. The taking by the defendants as alleged is admitted; and in justification it is claimed that the property in the liquors was in one of the defendants, and that the warrant under which the plaintiff acted was insufficient and void.

Many objections are made to the warrant, and the presiding justice was requested in his ruling to sustain them. All these requests were refused, and to this refusal exceptions were filed.

The second, third and fourth requests rest upon the same objection differently stated, which is, that the warrant does not require the officer to bring before the court the persons keeping the liquors. What the result as to the validity of the warrant would be if this defect existed, we do not find it necessary to decide, as we do not find any such deficiency. The complaint which is a part of the warrant in this respect is technically correct. In the warrant, the names of the persons are inserted, and the officer is required "to apprehend the said McGlinchy and McCue, and bring before said

court." The defect complained of is that the pronoun them is omitted after the word bring. It is true that in the form prescribed by the statute the word here omitted is inserted. But the statute does not provide that that form alone shall be used. It only provides that it shall be sufficient. Any other form which is in substance the same, may be equally valid. If the omission left the officer in any uncertainty as to his duty, or left him to ascertain it from inference, there might be some ground for the objection. But there can be no such uncertainty. The word "bring" must necessarily apply to the persons named just as much as the word apprehend, and the duty of the officers to bring them before the court is by the language used as clear and distinct as to arrest them.

The remainder of the numerous objections to the warrant allege its insufficiency under the constitution of this state and that of the United States, to authorize the officer to search the premises therein described. These objections we have no occasion to consider. The warrant was issued by a court of competent jurisdiction. It is sufficient in form to hold the liquor seized, and the persons therein named to answer for the violation of the law charged against them; in it every element necessary to make out the offense charged is duly and formally set out.

Such a warrant would seem to be sufficient to authorize the officer to hold the liquors for the purpose of trial against all persons whether owners or otherwise. *State* v. *McCann*, 61 Maine, 116. *State* v. *McCafferty*, 63 Maine, 223. *State* v. *Plunkett*, 64 Maine, 534. *Com.* v. *Welsh*, 110 Mass. 359.

But were it otherwise we see no ground upon which the acts of the defendants can be justified. The case finds that the defendant, Hall, as a duly authorized officer, took the liquors upon a replevin writ in due form, but which he neglected to return to court, and that in the service of said writ, McGlinchy, who was plaintiff therein, acted as his aid. The excuse for not returning the writ was the insufficiency of the bond.

By the first request, the presiding justice was asked to rule that the defendants "finding said bond insufficient to justify said Hall in the service of said writ were not required to perform the useless

ceremony of entering said writ in court where it would be at once abatable, but are entitled to justify by showing that said McGlinchy had a legal right to take said property without any writ." This request was properly refused. It is true that the writ would be abatable, but that would have been only at the defendant's election ; and it is not for the officer to say that it would be a mere "useless ceremony" to have it entered in court. But the last part is certainly not applicable to the facts in this case. If the defendant McGlinchy, had taken the liquors from the plaintiff, it may be clear that he might have justified by showing a "legal right" to do so. But whether, having taken them with a replevin writ, he could afterwards abandon that, and justify by showing property in himself is much more problematical. But even that door is not open to him in this case. It distinctly appears in the facts found, that Hall, as an officer with the writ in his hands, and at least by inevitable inference, by force of it, with the assistance of McGlinchy, took the liquors from the plaintiff, and "delivered them to McGlinchy who caused them to be removed beyond the limits of the state. No further service of said replevin writ was made, neither was the same ever returned into court."

The act of taking them was Hall's and not McGlinchy's. Hall was the principal, McGlinchy the servant. If the act of the former can be justified, then will that of the latter be. If it is not justified, if the principal was in the wrong, he could convey no authority to the servant. Whether McGlinchy had the general property in these liquors is not a material question here, even on the ground that the warrant under which they were first taken was insufficient ; it is rather a matter of right between the plaintiff and Hall.

It is conceded that at the time of the alleged trespass the liquors were in the exclusive possession of the plaintiff. That such a possession, even if wrongful, will enable him to maintain an action of trespass against one interfering with it without right, a mere wrong doer, is too well established to need the citation of authorities. The defendant, Hall, having taken them upon a legal precept not returned, cannot justify under that ; and not only so, but in that act he violated an express provision of the law and was therefore

guilty of a wrong. That he had any other right is not pretended except such as he might derive from his co-defendant. This, as we have seen, was none; and he was therefore a mere wrong-doer. It is also the same with McGlinchy. He did not at the time act under any pretended right other than what he claimed from the officer, which failing, he has nothing upon which to stand. The fact that McGlinchy had the general property in the liquors, and that he lent his assistance to the officer, does not in the least change the character of the officer's act. It cannot make his violation of the law justifiable; and as he was aiding and abetting the officer he must share the same fate. We are not aware of any legal legerdemain by which these defendants having committed a violation of the law, a trespass, can, by changing places, make that right which when done was an unjustifiable wrong.

This proposition is not founded upon a mere technicality. The plaintiff, no doubt acting in good faith, had a right to the protection which the law gives him. If the property is taken from him without legal process, his remedy is one thing; if it is taken by legal process it is another, and a very different thing. It is certainly material for him to know whether the property is taken on a claim of right solely, or on a legal process which he could not resist, and under which he was entitled to a bond for his protection, instead of being turned over to mere personal responsibility, with the property transferred beyond the limits of the state. The law is imperative that an officer serving a replevin writ shall return it with a bond into court. If this defense is sustained the law may be nullified at the pleasure of the officer, and the parties left to try their title without the burden of giving a bond by the one, or the protection which it affords to the other.

> *Exceptions overruled.*
> *Judgment for the plaintiff.*
> *Damages to be assessed by superior court, as agreed by the parties.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.