No. 10,395.

PASCH v. THE PEOPLE.

Decided September 11, 1922.    Rehearing denied October 2, 1922.

Plaintiff in error was convicted of a violation of the prohibition act.

*Affirmed.*

*On Application for Supersedeas.*

1. INTOXICATING LIQUOR—*Property—Evidence.* Under the provisions of section 20, chapter 141, S. L. 1919, there are no property rights in intoxicating liquor kept in violation of the act, and a defendant, in a prosecution under the statute, has no right to a return of liquor seized under its provisions, and there is no error in permitting it to be introduced in evidence.

2.     *Officers—Authority.* Evidence reviewed, and the contention that the officer who took possession of intoxicating liquor, had no authority to do so, overruled.

*Error to the District Court of Routt County, Hon. Gilbert A. Walker, Judge.*

Mr. JOSEPH K. BOZARD, Mr. C. R. MONSON, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, for the people.

*Department Two.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error applies for a supersedeas on a judgment of conviction in a case in which he was charged with the unlawful possession of intoxicating liquor. From the record it appears that a federal prohibition agent entered the pool room of plaintiff in error, who is hereinafter called defendant, and there found what he afterwards testified was whiskey. On a hearing before a justice of the peace, an order was entered for the return of this liquor. It appears, however, that the sheriff was present on that occasion and took and carried away this bottle of whiskey. On the date set for the trial in the district court, the defendant in the meantime having been indicted, a motion was filed for an order directing the return of the whiskey to the defendant. This motion was denied and the bottle of whiskey was put in evidence over objections of defendant's attorneys. It is not disputed that the liquor was found in a room adjoining defendant's pool room, which room was used for the sale of soft drinks.

The first error assigned is that the court erred in denying a motion for the return of the liquor. Counsel assert that since 1914, the decisions hold that property illegally taken and in possession of public officers will be ordered returned, and the evidence suppressed when an application is made before the trial. If that be a true statement of the law, which we do not concede, it nevertheless does not apply in this case. Section 20 of chapter 141, Laws of 1919, the statute under which the defendant was prosecuted, provides that there shall be no property interests in intoxicat-

ing liquors. Even under the federal cases cited by counsel there was therefore, no right to a return of this liquor. For the same reason its admission in evidence was not error.

It is further urged that the seizure of the whiskey was unauthorized because Hunt, who seized it, was not an officer of the class authorized by the state law to seize liquor without a search warrant. This objection is without avail, because from the evidence it appears that the sheriff, who produced the liquor on the trial, obtained it in the justice court. The undisputed testimony is that, after the justice of the peace had made an order for the return of the whiskey, the sheriff waited to see whether or not the defendant would take it away; that he mentioned to defendant and his attorney that he understood an order had been made to deliver the whiskey to defendant, and the defendant thereupon laughed, and shook his head, and went out' of the room leaving the whiskey where it was; that the sheriff then took it. That this liquor was taken from the premises of the defendant, and that he claimed it in court, is established, and evidently the jury did not believe his testimony that he knew nothing of its presence in his place. The case stands, then, upon the taking of the liquor from the justice's office. After it had been ordered returned, the defendant failed to take it, and under that state of facts we are not called upon to consider any question as to the right of the federal officer to seize the liquor in the first instance. Under the evidence the jury was justified in finding the defendant had violated the law.

The supersedeas is denied and the judgment affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.