# Commonwealth v. Schwartz, Appellant.

*Criminal law—Intoxicating liquors—Unlawful search and seizure—Search warrants—Service—Contraband.*

1. Under the provisions of the Act of March 27, 1923, P. L. 34, a description in the search warrant of articles sought to be discovered by means thereof as "intoxicating liquors, implements and materials designed and intended for the manufacture of intoxicating liquors" is sufficient. It is not necessary for the affiant to guess at the various kinds of intoxicating liquors, their quantity, or the character of the apparatus used in their manufacture, which may be concealed on the premises to be searched. A general description is within the language of the Constitution; for it is not practicable to give any other.

2. An averment that the affiant "has been informed by credible persons that they have bought from the defendant intoxicating liquor at the place hereinafter described, and from his own observation is satisfied that there is probable cause to believe, etc.," is sufficient compliance with the act of March 27, 1923, P. L. 34, requiring that the person taking out the search warrant shall set forth the probable cause for the issuance of the same. Probable cause does not import absolute certainty. It only implies reasonable grounds for belief, and the justice issuing the search warrant is the authority to be satisfied that probable cause exists.

3. A search warrant, served by an officer other than the one named in the warrant, is valid within the provisions of the Act of March 27, 1923, P. L. 34. Under section 8 of this act the search warrant may be directed to any officer or officers, and the term "officer," is defined in section 2 (c) to mean and include "all sheriffs, deputy sheriffs, constables, state and municipal policemen, county and city detectives and any other persons authorized to serve warrants." When the person serving the warrant comes within this classification the service is legal.

4. The failure of the justice to include in the warrant a direction to bring the liquors seized under the warrant to him for disposition according to law, is not fatal to the search made pursuant to the warrant. Under the provisions of the act the justice cannot keep the liquors himself, but must deliver them to the district attorney.

5. Intoxicating liquors unlawfully possessed, no matter how obtained or how they come into the custody of the Commonwealth, should not be returned again to the criminal possession of the de-

fendant. A wide difference exists between contraband articles, the possession of which is in itself a crime, and private property, which is only evidential in character.

Argued October 16, 1923. Appeal, No. 22, April T., 1924, by defendant, from judgment of Q. S. Crawford Co., May Sessions, 1923, No. 47, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. John Schwartz. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for possession of intoxicating liquors contrary to the provisions of the Act of March 27, 1923, P. L. 34, Before PRATHER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were refusal to discharge rule to show cause why liquors seized should not be returned, overruling defendant's motions for arrest of judgment, for binding instructions and for a new trial.

*Albert L. Thomas,* and with him *George Frank Brown,* for appellant.—The search warrant was illegally issued and the evidence obtained thereby was inadmissible: 19 Ency. Pl. & Pr. 327; 25 A. & Eng. Enc. of Law 147; United States v. Ray & Schultz, 275 Fed. 1004; Ripper v. United States, 178 Fed. 24, 101 C. C. A. 152; Veeder v. United States, 252 Fed. 414; United States v. Rykowski, 267 Fed. 866; United States v. Borkowski, 268 Fed. 408; United States v. Kelih, 272 Fed. 484; Giles v. United States, 284 Fed. 208.

The warrant was improperly served: State v. Ward, 5 Del. 496; Colleman v. State, 121 Ga. 594; 49 S. E. 716; Hayden v. Souger, 56 Ind. 42; 26 Amer. Rep. 1; Die-

trichs v. Shaw, 43 Ind. 175; Wells v. Jackson, 17 Va. 458; Hale's P. C. 115; 2 Hawkins P. C. 13, sec. 129.

The evidence secured by the illegal search could not be used against the defendant: Weeks v. United States, 323 U. S. 383; 34 Superior Ct. Rep. 341; Com. v. Vigliotti, 75 Pa. Superior Ct. 378; Boyd v. United States, 116 U. S. 616; Silverthorne Lumber Co. v. United States, 251 U. S. 385; Youman v. Com., 224 S. W. 860.

*August Delp,* District Attorney, for appellee.

Opinion by Keller, J., December 12, 1923:

Appellant is the proprietor of a hotel or rooming house in Titusville, Pa. He was convicted of the unlawful possession of intoxicating liquors for beverage purposes contrary to the Act of March 27, 1923, P. L. 34. He seeks a reversal of the judgment of sentence on the ground that the search warrant, by virtue of which the liquors offered and received in evidence against him were obtained, was illegally issued and was so defective in form and substance as to furnish no justification for the search of his premises; that the seizure thereunder was, therefore, illegal and the liquors inadmissible in evidence against him.

The specific contentions of the defendant are: (1) That the complaint on which the search warrant was based did not sufficiently comply with the requirements of the 8th section of the Act of March 27, 1923, supra. (2) That the search warrant was defective, in that, (a) it was not served by the officer to whom directed; (b) it did not sufficiently describe the liquors to be searched for; (c) it did not command the officer to make return of the things seized thereunder to the justice, for disposition according to law. We will consider them in their order.

(1) Article I, section 8 of our Constitution provides: "The people shall be secure in their persons, houses, pa-

pers and possessions from unreasonable searches and seizures and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant." Practically the same provision was found in our earlier Constitutions—see Constitution of 1776, Dec. of Rights cl. X; Constitution of 1790, Art. IX, sec. 8; Constitution of 1838, Art. IX, sec. 8. It will be noted that it is only directed against unreasonable searches and seizures. It does not forbid arrests or seizures without warrant, (Wakely v. Hart, 6 Binney 316), wherever that may reasonably be authorized at common law, (Rarick v. McManomon, 17 Pa. Superior Ct. 154; Com. v. Rubin, 82 Pa. Superior Ct. 315, (opinion by Judge PORTER filed this day), or by statute, but directs that warrants of search or seizure when issued must describe the person or things to be taken, as nearly as may be, and be based on probable cause, supported by oath or affirmation subscribed to by the affiant; in other words, such warrants were to be special, as distinguished from general warrants, which purported to authorize the apprehension of all persons suspected of a crime therein specified, without naming or particularly describing any person in special, (4 Blackstone's Comm. 291), or which authorized searches in any place for any thing, (Boyd v. U. S., 116 U. S. 616, concurring opinion, p. 641).

Until the passage of the statutes providing for searches in aid of the enforcement of our laws against gambling, obscene literature, illegal possession of firearms, intoxicating liquors, etc., search warrants in this State were for the most part confined to stolen goods, which the owner was seeking to recover and was therefore able to describe with some particularity and detail. Such particularity cannot reasonably be required as to intoxicating liquors, or apparatus used in their manufacture, gaming implements, obscene literature, and like articles possessed by a criminal in violation of law,

which the affiant not having owned or had in his posses-
sion cannot be expected to describe with the same detail
as in the case of stolen goods.  It is, therefore, sufficient
to describe them as intoxicating liquors; implements
and materials designed and intended for the manufac-
ture of intoxicating liquors; gaming implements, etc.,
without more; nor is it necessary for the affiant to guess
at the various kinds of intoxicating liquors, their quan-
tity, or the character of the apparatus used in their man-
ufacture, etc., which may be concealed on the premises
to be searched.  In such cases a general description is
within the language of the Constitution; for it is not
practicable to give any other: State v. Whiskey, 54 N. H.
164; Com. v. Dana, 2 Metcalfe (Mass.) 329.  Our statu-
tory provisions for search warrants in aid of the enforce-
ment of the prohibitory amendment are found in section
8 of the Act of March 27, 1923, supra.  The requirements
are less stringent and definite than are provided in the
Act of Congress governing search warrants (Act of June
15, 1917, c. 30, Title XI, 40 Stat. 228, Barnes Fed. Code
10050-10069; Comp. Stat. 10496¼, a-v.; which were in-
corporated into the Federal Prohibition Enforcement
Act of Oct. 28, 1919, c. 85, Title II, sec. 25; 41 Stat. 305,
Barnes Fed. Code 8352; Comp. Stat. 10138½ m.).
Hence decisions of the federal courts as to the essentials
of search warrants are of little use to us.  Our act re-
quires complaint by an individual in writing before any
alderman, justice of the peace or magistrate, supported
by his oath or affirmation, subscribed to by him, alleging
that there is probable cause to believe and that he has
just and reasonable grounds for believing and does be-
lieve that intoxicating liquor is unlawfully manufac-
tured, sold, offered for sale, bartered, furnished or pos-
sessed in or upon any room, house, building, boat, ve-
hicle, structure, receptacle, premises, or any other place
or thing whatsoever—describing the said place or thing
to be searched, and the thing or things to be seized, as
nearly as may be, and setting forth probable cause;

whereupon the alderman, etc., if it be made to appear that there is probable cause for such belief, shall issue a warrant to search the said place or thing, and seize the said thing or things described in the aforesaid complaint; said search warrant describing the place or thing to be searched and the thing or things to be seized as nearly as may be, and being directed to any officer or officers commanding him or them to make search by day or night of the room, house, building, etc., therein described for any such thing or things, and if any such be there found, to seize the same and to make a return of said warrant, together with the thing or things so seized or taken to the alderman, etc., for disposition according to law.

Were it not for the provision in the act that the complaint shall set forth probable cause, it would have been sufficient for the affiant to make affidavit in the language of the act, viz: "that there is probable cause to believe, and that he has just and reasonable grounds for believing, and does believe" etc.: Cochran v. State, 138 N. E. 54 (Ohio). Such an affidavit was held sufficient in Com. v. Dana, supra. The same provision of the Constitution which protects the people from unreasonable searches also protects them from unreasonable arrests; and yet it was held in Com. v. Green, 185 Pa. 641 that an information is sufficient to support a warrant of arrest where the affiant affirms "to the best of his knowledge, information and belief," which is certainly no stronger than the words from the act above quoted. See also Rose v. State, 171 Ind. 662, 87 N. E. 103; Rosanski v. State (Ohio), 140 N. E. 370. But in this case the affiant did not rest with the mere statement above referred to, but set forth that, "he has been informed by credible persons that they have bought from the defendant intoxicating liquor at the place hereinafter described and from his own observation is satisfied that there is probable cause to believe," etc. We think this is a sufficient compliance with the act; see Com. v. Intoxicating Liquors, 122

Mass. 14. The affiant is not restricted to violations of law within his own knowledge nor is he bound to set forth the names of witnesses or the details as to what they would testify. Probable cause does not import absolute certainty. It only implies reasonable grounds for belief, and the justice issuing the search warrant is the authority to be satisfied that probable cause exists: Com. v. Intoxicating Liquors, 103 Mass. 448; Cochran v. State, supra.

(2) (a) The search warrant was issued to H. S. Edwards, Chief of Police of Titusville, and was by him handed to William McKenzie, a constable, with instructions to him and several other officers present, to search the defendant's premises, which they did. Edwards, himself, was not present at the search of these particular premises, but the officers who made the search acted for him and under his directions and he made the return to the warrant, thereby assuming full responsibility for their acts. Under our statute, (sec. 8), the search warrant may be directed to "any officer or officers," and the term, "officer," is defined in section 2 (c), to mean and include "all sheriffs, deputy sheriffs, constables, state and municipal policemen, county and city detectives and any other persons authorized to serve warrants." The persons who actually served this warrant for the Chief of Police were officers within this definition and authorized to serve such warrants. In this respect, also, our act differs from the Federal Search Warrant Act, which specifically provides (sec. 7) that a search warrant may be served by any of the officers mentioned in its direction, "but by no other person, except in aid of the officer on his requiring it, he being present, and acting in its execution"; whereas our act makes no distinction from ordinary warrants of arrest, which may be directed to and be served by any constable or police officer generally, in addition to any particular constable designated specially in the warrant: Sadler's Criminal Procedure in Penna., p. 141; Paul v. Vankirk, 6 Binney 123; Com. ex rel.,

Simpson v. Keeper of Prison, 1 Ashmead 183.   The law is correctly stated in 23 Cyc. 297, as follows: "The warrant must be executed by the officer to whom it is directed or another officer having legal authority to serve such warrants."   See also State v. Hall, 78 Maine 37, 2 Atl. 546.   The cases relied upon by appellant were either concerned with federal seizures which by statute are limited as above mentioned, or related to the service of warrants by individuals who were not officers, as to whom the rule is different.

(b) We have already discussed at some length the particularity of description required in search warrants of this character and have held that the description "intoxicating liquors" and "implements designed and intended for use in the unlawful manufacture of intoxicating liquors" is sufficient for both complaint and search warrant.   While the search warrant might have been more explicit in its directions to search for and seize the things so described, we think such is the fair signification and direction of the warrant.   The description of the premises to be searched, "the two story frame building situated on the north side of and known as No. 220 East Central Avenue, also known as the American Hotel, Titusville, Crawford County, Penna., and occupied by John Schwartz and used as a rooming house," is sufficient: Com. v. Intoxicating Liquors, 150 Mass. 164, 22 N. E. 628; Com. v. Gaming Implements, 119 Mass. 332; Lincoln v. Smith, 27 Vt. 328.   It does not require the particularity of a deed, but only sufficient to identify reasonably the premises to be searched.

(c) The failure of the justice to include in the warrant a direction to bring the liquors seized under the warrant to him for disposition according to law, is not fatal to the search made pursuant to the warrant: Petition of Parker, 281 Fed. 550; U. S. v. Lepper, 288 Fed. 136; Rose v. U. S., 274 Fed. 245; U. S. v. Kraus, 270 Fed. 578; Adams v. McGlinchey, 66 Maine 474.   The justice is not to keep the seized liquors himself, but is to deliver them

to the district attorney (sec. 8). As a matter of fact, in this case, it is admitted that the liquors were taken to the justice with the return of the warrant and were directed by him to be held by the Chief of Police until delivered to the District Attorney. There does not seem to have been any question that the liquors produced at the trial were found on defendant's premises when the search was made.

We are, therefore, of opinion that the issuance and service of the search warrant was legal and not contrary to law and that the liquors seized were properly admitted in evidence.

But irrespective of the legality of the search warrant we are of opinion that as the goods seized were contraband and forfeited to the Commonwealth, (Act of March 27, 1923, supra, section 11), and the defendant, as against the Commonwealth, could have no property in them, or right to their possession and use in violation of law, the court below rightly refused to order their return to the defendant and admitted them in evidence at the trial.

Appellant's argument that the liquors were not admissible in evidence is based on the decisions of the Supreme Court of the United States in Boyd v. U. S., 116 U. S. 616; Weeks v. U. S., 232 U. S. 383; Gouled v. U. S., 255 U. S. 298, and other cases following the Boyd case, which hold that it is repugnant to the fourth and fifth amendments to the federal constitution to require a defendant to produce his private books and papers in evidence on the trial of a penal or criminal proceeding against him, or to permit their introduction in evidence on such trial, against his objection, when unlawfully seized by government officials or agents, whether forcibly or surreptitiously.

It is well settled that the limitations imposed by the fourth and fifth amendments to the Federal Constitution do not apply to the several states; they affect only the Government of the United States, and federal officials in

the exercise of their power and authority: Lloyd v. Dollison, 194 U. S. 445; Nat. Safe Deposit Co. v. Stead, 232 U. S. 58; Weeks v. U. S., supra, pp. 391, 392, 398. Thus it has been held that if the wrongful seizure was not made by, or with the connivance of, government officials, the defendant may not have his private papers returned to him and they are admissible on the trial against him if relevant evidence: Burdeau v. McDowell, 256 U. S. 465. The decisions relied upon by appellant are, therefore, not binding upon the states even in the construction of similar provisions in their own constitutions: Com. v. Grasse, 80 Pa. Superior Ct. 480, 485.

The principle contended for by the appellant has not been adopted as the law in this State. The same contention was advanced in Com. v. Vigliotti, 75 Pa. Superior Ct. 366, but was ruled adversely to the defendant. Judge HENDERSON there said: "Conceding that the packages were taken from the store and residence of the defendants without authority, the admissibility of the evidence is not affected by the illegality of the means through which it was obtained. The court will not suspend the conduct of a trial to enter into a collateral inquiry as to the means through which the evidence, otherwise competent, was obtained" (p. 378). The question has been considered most carefully and exhaustively by Judge PORTER in Com. v. Rubin, supra, with the conclusion that the law in this State is contrary to the position contended for by the appellant. This view is in accord with Greenleaf on Evidence, Vol. 1, p. 254a, Wigmore on Evidence, 2d Ed., Vol. 4, sec. 2183-4 and many decisions in other states: See Com. v. Dana, 2 Metcalfe 329; State v. Flynn, 36 N. H. 64; State v. Creel (La.), 94 South. 433; People v. Mayen (Cal.), 205 Pac. 435; City of Sioux Falls v. Walser (S. D.), 187 N. W. 821; Com. v. Wilkins, (Mass.), 138 N. E. 11; Kennemer v. State (Ga.), 113 S. E. 551; State v. Hesse (Minn.), 191 N. W. 267.

Furthermore, there is a wide difference between contraband articles the possession of which is, in itself, a crime, and private papers, in themselves innocent, which are only evidential in character. As was said in State v. Stoffels, 89 Minn. 205, 94 N. W. 675: "There is a clear distinction between a man's private papers which are neither the subject of crime nor the means of perpetrating it and stolen property, implements of gaming and other property kept and used for an unlawful purpose." There is no more reason why intoxicating liquors unlawfully possessed, no matter how obtained by, or how they came into the custody of, the Commonwealth should be returned again to the criminal possession of the defendant, than there is that stolen goods similarly obtained should be returned to the thief, or that counterfeit plates and money should be handed back to the counterfeiter to pursue again his nefarious trade with them. If the defendant's civil or constitutional rights have been infringed by the manner of their seizure, he has his remedy, civil or criminal as the case may be, against the offender. But the wrong done him as an individual, in this respect, if any, is not rectified by committing another wrong against the public; the injury to his constitutional rights is not vindicated by freeing him of a charge of which he is guilty and handing him back the articles which he has no legal right to possess, in order that he may again violate the laws of the Commonwealth: Rosanski v. State, supra.

This position is supported by numerous decisions from other states among which may be mentioned: Rosanski v. State (Ohio), supra; Allred v. State (Ala.), 87 South. 842; State v. Simmons, 183 N. C. 684, 110 S. E. 591; Pasch v. People (Colo.), 209 Pac. 639; State v. Finsky (Wis.), 187 N. W. 201; State v. Pauley, (N. D.), 192 N. W. 91; State v. Chuchola (Del.), 120 Atl. 212.

The other contentions of the appellant are likewise without merit. The state has a right to enact that proof of the possession of intoxicating liquor shall be prima

facie evidence that the same was for beverage purposes and was acquired, possessed and used in violation of the statute, and such a provision is not unconstitutional: Com. v. Amato, 82 Pa. Superior Ct. 149, opinion by Judge PORTER, filed November 19, 1923; Adams v. New York, 192 U. S. 585, 598; Hawkins v. Bleakly, 243 U. S. 310; Hawes v. State of Georgia, 258 U. S. 1; Rose v. State, supra; it does not shift the burden from the Commonwealth of proving the defendant's guilt beyond a reasonable doubt under all the evidence nor change the rules of evidence, nor specially regulate the practice of the courts: Com. v. Finch, 80 Pa. Superior Ct. 386; Com. v. Berryman, 72 Pa. Superior Ct. 479; and it is fairly within the scope of the title of the act: Com. v. Blackman, 82 Pa. Superior Ct. 362, (opinion by Judge HENDERSON filed this day); Com. v. Rink, 71 Pa. Superior Ct. 579; Rose v. State, supra.

A motion to continue a case on account of the absence of witnesses is addressed to the sound discretion of the court, and its action will not be reversed except in clear cases of abuse of such discretion: Com. v. Hazlett, 16 Pa. Superior Ct. 534, 549; Com. v. Scouton, 20 Pa. Superior Ct. 503, 517; Com. v. Craig, 19 Pa. Superior Ct. 81, 94; Com. v. Dietrich, 7 Pa. Superior Ct. 515, 519. We are not satisfied that there was such an abuse in this case or that the expression of the court, before the jury was sworn, relative to the applications for continuance of other liquor cases, was prejudicial to this defendant's rights.

The assignments of error are all overruled. The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.