# Commonwealth of Pennsylvania,. Appellant, *v.* Patrick Scanlon.

*Criminal law—Intoxicating liquors—Act of March 27, 1923, P. L. 34—Search warrant—Requirements to obtain—Liquor unlawfully seized—Return of liquors lawfully possessed.*

Under the Act of March 27, 1923, P. L. 34, the essential requirements to obtain a search warrant are that the complainant must allege, on oath or affirmation, that there is probable cause to believe, and that he has just and reasonable grounds for believing that intoxicating liquor is unlawfully manufactured, sold, or possessed in the place desired to be searched (describing it), and the probable cause for such belief must also be set forth in the complaint. The statute expressly requires such information, and, because of this specific provision, the complaint necessary to secure a search warrant under this act must be fuller and more definite, than is required to support a warrant of arrest.

Section 8 of this act provides that no search warrant shall issue to search any private dwelling occupied as such, unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose, such as a store, shop, saloon, restaurant, hotel, boarding house, warehouse, or public garage.

A search warrant is improperly issued which fails to strictly comply with the requirements of the act.

Intoxicating liquors unlawfully possessed are contraband and forfeited to the Commonwealth, and although unlawfully seized should not be returned. But not all possession of intoxicating liquors is unlawful; and if such liquors, lawfully possessed, are seized under an illegal search, the court on application of the owner should order their return.


Argued November 21, 1924. Appeal, No. 123, Oct. T., 1924, by plaintiff, from decree of Q. S. Bradford Co., Feb. Sessions, 1924, No. 1, setting aside search warrant and ordering return of liquor to petitioner in the case of Commonwealth of Pennsylvania v. Patrick Scanlon. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to show cause why liquors seized under a search warrant should not be returned. Before MAXWELL, P. J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Plaintiff appealed.

*Error assigned* was the decree of the court.

*David J. Fanning,* District Attorney, for appellant.—
The search warrant was properly issued: Com. v. Schwartz, 82 Pa. Superior Ct. 369, at page 375; Com. v. Rubin, 82 Pa. Superior Ct., page 315 at page 327; Com. v. Mallini, 214 Pa. 50.

The defendant was not entitled to the return of the liquors: State v. Chuchola, 121 Atl. 312; U. S. v. Rykowski, 267 Fed. 866; U. S. v. Bzeadus, 289 Fed. 837; U. S. v. Jensen, 291 Fed. at page 668.

*J. Roy Lilley,* and with him *Wm. P. Wilson,* for appellee, cited: U. S. District Court of Mass. 1923 in U. S. v. Vigneux, 288 Fed. 977; U. S. v. Sievers, 292 Fed. 394; United States v. Descy, 284 Fed. 724.

OPINION BY KELLER, J., February 27, 1925:

The enforcement of the law prohibiting the manufacture, traffic in, and possession of intoxicating liquors, (Act of March 27, 1923, P. L. 34), in aid of the 18th Amendment, would be greatly helped if officers charged with its execution would read the statute and acquaint themselves with its provisions before they attempted to carry it into effect.

We pointed out at some length in Com. v. Schwartz, 82 Pa. Superior Ct. 369, the requisites essential for a valid search warrant under the act: That not only must the complainant allege, on oath or affirmation, (1) that there is probable cause to believe and that he has just and reasonable grounds for believing and does believe that intoxicating liquor is unlawfully manufactured,

sold, offered for sale, bartered, furnished or possessed in the place desired to be searched—(describing it)—but (2) the probable cause for such belief must also be set forth in the complaint. The statute expressly requires it; and it is because of this specific provision that the complaint necessary to secure a search warrant under this act must be fuller and more definite than is required to support a warrant of arrest: Com. v. Schwartz, supra, p. 374; Com. v. Green, 185 Pa. 641.

The same section, (section 8), contains the proviso: "That no search warrant shall issue to search any private dwelling occupied as such, unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose, such as a store, shop, saloon, restaurant, hotel, boarding house, warehouse, or public garage."

Notwithstanding these clear and explicit provisions the complaint made by the state policeman to obtain a warrant to search the private dwelling of Patrick Scanlon, 202 Second Street, Towanda, wholly failed to set forth the probable cause for his belief that intoxicating liquor was unlawfully held, possessed and concealed on the premises, and further failed to charge that the premises were being used for the unlawful sale of such liquor,—it being a private dwelling,—or allege any facts to bring it within the other exception to such proviso, viz, that said premises were used in part for some business purpose, etc. It follows that the search warrant was improperly issued and the search made in pursuance of it, illegal.

But this fact would not, of itself, entitle Scanlon to a return of the liquor found on his premises, pursuant to such illegal search. If intoxicating liquor, unlawfully possessed, is found on a man's premises and comes into the possession of the Commonwealth, the law of this State does not require it to be returned to his criminal possession even though custody of it was obtained by an illegal search: Com. v. Schwartz, supra, p. 379; Com. v.

Rubin, 82 Pa. Superior Ct. 315. The federal decisions to the contrary are not binding on the courts of this State (Lloyd v. Dollison, 194 U. S. 445; Nat. Safe Deposit Co. v. Stead, 232 U. S. 58; Weeks v. U. S., 232 U. S. 383, 391, 392, 398); and have not been followed: Com. v. Schwartz, supra, p. 379; Com. v. Grasse, 80 Pa. Superior Ct. 480, 485. This is on the principle that if the possession is unlawful the liquor is forfeited to the Commonwealth, and no property rights can exist in favor of an individual to such forfeited or contraband property.

But not all possession of intoxicating liquors is unlawful. The act definitely provides that in certain circumstances such possession is lawfully permitted; and if liquor lawfully in one's possession is seized under an illegal search warrant and handed over to the custody of the Commonwealth, it should be ordered returned to the legal owner from whom it was unlawfully taken.

In considering this appeal we must take the facts as they appeared at the time of the hearing before the court below. As a result of the search—though, contrary to the directions of the act, no return seems to have been made of what was done or seized under the warrant,—the state policeman found and took into custody one quart of whiskey and about three quarts of grape wine. Scanlon, thereupon, filed his petition setting forth the illegality of the search, that he was in lawful possession of the whiskey and wine, that the latter had been made on the premises from the juice of grapes and was non-intoxicating, and praying the court to order their return to him. The petitioner should, perhaps, have averred that the whiskey was lawfully acquired prior to March 27, 1923, and was for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained therein (section 4); and that the wine or fruit juice was exclusively for use in his private dwelling (section 3); but as no answer was filed to the petition, and no denial made of its averments, or demand made for proof

thereof, we have the undenied averment of the petitioner that his possession of both was lawful and the court will not be convicted of error, in accepting it as true upon the hearing in the circumstances of this case, there being no inherent contradiction in the seized articles themselves. If intoxicating liquors in large quantities are found, or a still or other apparatus for the manufacture of such liquors is seized, or facts are discovered indicating other violation of the statute, they may be, of themselves, sufficient to rebut the allegations of the petition and require its refusal; for if the facts in connection with the seized liquors indicate a possession or use contrary to the statute, they should not be returned to the claimant, but be held as contraband and forfeited to the Commonwealth.

In this case, however, the whiskey seized was not such a quantity as one might not reasonably be lawfully possessed of; no apparatus or paraphernalia was found indicating its manufacture or sale; appellee's lawful possession of it was not denied; nor was it contested that the grape juice was homemade and nonintoxicating.

Under these circumstances we find no error in the order of the court directing their return.

This seems to have been the only point contested by the learned district attorney, and our decision goes no farther than this. We held in Com. v. Holgate, 63 Pa. Superior Ct. 246, 254, which was a prosecution for larceny and receiving stolen goods, that evidence might be given on the trial irrespective of the legality of the search warrant under which it was discovered. This ruling has been sustained and followed in the recent cases in this court involving intoxicating liquors and narcotic drugs cited above.

The order is affirmed.