## Commonwealth v. Premier Cereal and Beverage Co., Inc.

*Prohibition enforcement — Searches and seizures — Essentials of search warrant—Act of March 27, 1923.*

1. An affidavit for a search warrant, based upon information and belief and supported by an averment that affiant is satisfied by his own observation that there is probable cause to believe that the defendant is manufacturing and storing intoxicating liquors on the premises sought to be searched, is insufficient to sustain the warrant. In such case, the facts observed must be stated.

2. Although intoxicating liquors in possession of the defendant have been discovered under a defective warrant, it becomes his duty to show that he holds them lawfully.

3. Under the Prohibition Enforcement Act of March 27, 1923, P. L. 34, it is not unlawful for beer in the course of manufacture to contain more than one-half of 1 per cent. alcohol.

4. Where intoxicating liquors lawfully in one's possession are seized under an unlawful search warrant and handed over to the custody of the Commonwealth, such liquors should be ordered returned to the legal owner from whom they were unlawfully taken, and the officers of the law in charge of the owner's place of manufacture should be removed.

Petition to quash search warrant. Q. S. Phila. Co., Sept. Sess., 1925, No. 443.

*John A. Boyle*, Assistant District Attorney, for Commonwealth.

*James F. Masterson*, for defendant.

BARTLETT, J., Oct. 20, 1925. — The facts of the case briefly are, that on Sept. 21, 1925, the manufacturing plant of the defendant in the City of Philadelphia was entered and searched by police officers under a search and seizure warrant and a large quantity of beer of less than one-half of 1 per cent. alcoholic content was seized; also ten vats containing beer of more than one-half of 1 per cent. alcoholic content, alleged to be in the course of manufacture. A petition was filed to quash the search warrant and return the beer, to which petition an answer was filed by the Commonwealth.

The first question presented is: Was the search warrant legal; it being based on an affidavit alleged to be improper and not within the provisions of the 8th section of the Act of March 27, 1923, P. L. 34?

It appears from the affidavit that no time of the commission of the alleged offence was set forth. The probable cause upon which said warrant issued was set forth as follows: "And the facts tending to establish probable cause for believing that the foregoing grounds for the application exist are as follows: and averment is sufficient that Patrolman Charles Richards, No. 1802, has been informed by creditable persons that they have full knowledge that the Defendants, The Premier Brewing Company, is manufacturing and storing intoxicating liquors on the premises, 844 No. Orianna Avenue, within the City of Philadelphia, State of Pennsylvania, and his own observation is satisfied that there is probable cause to believe the Defendant manufacturing and stores intoxicating liquors on said premises, contrary to the form of the Act of Assembly, etc."

Is this averment sufficient? We are clearly of opinion it is not. Probable cause is: "A reasonable ground of suspicion, supported by circumstances sufficient to warrant an ordinarily prudent man in believing the party is guilty of the offence:" Cooley on Torts; 170; McClafferty *v.* Philp, 151 Pa. 86; Mitchell *v.* Logan, 172 Pa. 349; Markley *v.* Snow, 207 Pa. 447.

"A mere belief that cause exists is not sufficient, for one may believe on suspicion and suspect without cause or his belief may proceed from some mental peculiarity of his own. There must be such grounds of belief as would influ-

ence the mind of a reasonable person, and nothing short of this could justify a serious and formal charge against another:" Cooley on Torts, 172, and cases cited; Winebiddle v. Porterfield, 9 Pa. 137.

In applying the above to the averments of the affidavit in this case, what do we find? A mere vague, general and evasive charge, furnished upon hearsay, on the knowledge of his informers and a satisfaction on the part of the affiant from observation there is probable cause, without stating what that observation was.

In Com. v. Schwartz, 82 Pa. Superior Ct. 369, the question of the requirements of affidavits was thoroughly discussed, and the court there said, at page 374: "Were it not for the provision in the act that the complaint shall set forth probable cause, it would have been sufficient for the affiant to make affidavit in the language of the act, viz.: 'That there is probable cause to believe, and that he has just and reasonable grounds for believing, and does believe, etc.' But in this case the affiant did not rest with the mere statement above referred to, but set forth that he has been informed by credible persons that they have bought from the defendant intoxicating liquor at the place hereinafter described, and from his own observation is satisfied that there is probable cause to believe, etc. We think this is a sufficient compliance with the act."

The statute requires that probable cause be set out, and "it is because of this specific provision that the complaint necessary to secure a search warrant under this act must be fuller and more definite than is required to support a warrant of arrest:" Com. v. Scanlon, 84 Pa. Superior Ct. 569, 571.

The averment in the case at bar is quite different and does not come within the provisions of the act or the authorities. An affidavit for a warrant of arrest must set forth the events accurately and specifically. Nothing can be left to inference: Com. v. Moller, 50 Pa. Superior Ct. 366; Com. v. Gelbert, 170 Pa. 426; Com. v. Clement, 8 Dist. R. 705.

In the execution of the search warrant, based upon the above defective affidavit, the officers entered the premises and seized a large quantity of cereal beverages containing less than one-half of 1 per cent. of alcohol in barrels and bottles; also a large amount of beer exceeding one-half of 1 per cent. in vats, and impounded the beer, leaving a guard of policemen in defendant's premises.

In United States v. American Brewing Co., Eastern District of Pennsylvania, No. 254 of 1923, 296 Fed. Repr. 772, in referring to the effect and purpose of search warrants, it was held: "The method of execution was based on a total misconception of what a search warrant is and was not a compliance with either the language of the statute or the mandates of the warrants, both of which require that the seized property shall be brought before the officer issuing the warrant. The continued presence of the executing officers on the premises of the defendant is without warrant of law. They had no right to remain on defendant's property longer than was reasonably necessary to make a search and remove such personal property as they were authorized to seize."

In the case at bar, therefore, the officers have no right under the search warrant to remain on defendant's premises and prevent defendant carrying on a business lawful under section 3 of the Act of March 27, 1923, P. L. 34, which provides: "It shall be unlawful for any person to manufacture, sell, offer for sale, barter, furnish, transport, possess or deliver within, or import into, or export out of, this Commonwealth any intoxicating liquor for bever-

age purposes, except as hereinafter set forth: *Provided,* however, that nothing in this act shall prohibit the alcoholic contents of malt or brewed liquors from exceeding one-half of 1 per cent. during the process of manufacture only thereof."

The defendants, being manufacturers of a cereal beverage of less than one-half of 1 per cent. alcoholic content, are within the proviso. The petition ·to quash the search warrant is granted.

A further question, however, is presented. Liquors are contraband under the law; and being found in the possession of defendant, even under a defective warrant, it becomes its duty to show it holds them lawfully: Com. *v.* Scanlon, 84 Pa. Superior Ct. 569.

Upon the petition to quash the search warrant it has also asked that said beer so seized be returned to the defendant. To this the Commonwealth filed an answer, and depositions were taken on behalf of the Commonwealth and defendant. From these depositions it appears there were ten vats of beer which contained an alcoholic content of over 4 per cent.; that said vats were sealed and under seizure by.the Federal authorities, owing to the fact that defendant company had no permit to manufacture beer by the dealcoholizing process, it having been taken away from them sometime ago, and its process of manufacturing beer by said method ceased. Said ten vats were then sealed and have remained so since that time.

There were found likewise three vats of cereal beverage, which is a beer of one-half of 1 per cent., and all the barrels and cases of bottles contained the same grade of cereal beverage. The testimony disclosed that these three vats and barrels were a cereal beverage manufactured by the arrested fermentation process, which defendant has adopted since its permit to dealcoholize had been suspended. This beverage was, therefore, legally possessed by defendant and was not subject to .seizure nor held by it in contravention of law. The process of manufacture by the dealcoholization process was used by defendant prior to the suspension of its permit, and in that process beers are made and allowed to age, then boiled and the alcohol is driven off and the beer then is bottled and sold. This process is permissible by permit of the Federal Government; and our own act recognizes that in the *course of manufacture* of malt or brewed liquors it shall not be unlawful for them to contain more than one-half of 1 per cent. alcoholic content. The beer contained in the ten vats was in the course of manufacture at the time defendant's permit to manufacture it in that manner was suspended and the Federal authorities seized and sealed the vats containing it, and it is now held under its seizure. The testimony shows it is intact and has not been touched; and, further, that said vats were those used in the process of manufacture and not receptacles intended for storage, sale or delivery.

It is not unlawful for such liquor to contain more than one-half of 1 per cent. of alcohol being in the course of manufacture: Com. *v.* Liberty Prod. Co., 84 Pa. Superior Ct. 473.

"Not all possession of intoxicating liquors is unlawful. The act definitely provides that in certain circumstances such possession is lawfully permitted; · and if liquor lawfully in one's possession is seized under an illegal search warrant and handed over to the custody of the Commonwealth, it should be ordered returned to the legal owner from whom it was unlawfully taken:" Com. *v.* Scanlon, 84 Pa. Superior Ct. 569.

The testimony in this case shows the beers seized were in the course of manufacture; and, therefore, the search warrant being quashed for the rea-

sons above set forth, upon the petition to quash the warrant and under the authority of Com. v. Scanlon, 84 Pa. Superior Ct. 569, it is hereby ordered that the beers so seized and held in defendant's place of business be restored to it and the officers now there without warrant of law be forthwith removed.