## Commonwealth v. Simmons

*Benjamin Paul*, for Commonwealth.

*Garfield W. Levy*, for defendant.

CHUDOFF, J., December 4, 1961.—As a result of the now celebrated decision in Mapp v. Ohio,* decided on June 19, 1961, this court has before it a motion to suppress the evidence and a demurrer by defendant to the bill of indictment charging him with setting up and maintaining an illegal lottery.

In the Mapp case, supra, the Supreme Court of the United States held that "All evidence obtained by searches and seizures in violation of the Federal Con-

---

* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081.

stitution is inadmissible in a criminal trial in a state court." This decison makes a basic change in the law of evidence hitherto applied by those states, including Pennsylvania, which did not exclude such evidence. Mapp holds that the fourth amendment of the United States Constitution is binding on the States through the due process clause of the fourteenth amendment.

The only question which brings the case here is whether the search warrant, under which the alleged "number slips" were seized by the arresting officers, met the essential requirements.

The fourth amendment of the United States Constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, *supported by Oath or affirmation*, and particularly describing the place to be searched, and the person or things to be seized." (Italics supplied.)

In addition, most, if not all, of the States have a comparable provision in their constitutions. For example, section 8 of article I, of the Pennsylvania Constitution provides:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, *supported by oath or affirmation subscribed to by the affiant.*" (Italics supplied.)

To the surprise and dismay of the court, the following testimony was adduced on cross-examination of one of the arresting officers:

"Q. So that what happened was that you prepared somewhere a search warrant?

"A. I prepared it.

"Q. And you signed it?

"A. Yes.

"Q. And you took it into the Magistrate?

"A. I took it before the Magistrate.

"Q. While he was holding hearings?

"A. They were not hearings. He will not sign them during hearings. It was either after or before.

"Q. Was it after or before?

"A. Before. I handed it to the Magistrate and he signed it and he handed it back.

\* \* \* \* \*

"Q. Were you sworn?

"A. I don't believe so.

"Q. You don't believe you were; is that your answer?

"A. Yes.

\* \* \* \* \*

"Q. There is no question that you did not recite to the Magistrate the facts that were the basis of your suspicion in this case?

"A. As I said, I don't recall the conversation.

"Q. Can you say that you did recite the facts that were the basis of your suspicion in this case?

"A. My suspicions were confirmed.

"Q. That's about as much as you ever do?

"A. You ask me if that's as much as I ever do, I told you I don't recall being sworn.

"Q. You say that, under oath, all you did was submit this to the Magistrate and he signed it?

"A. I can only say, as I said before, I don't recall any conversation.

"BY THE COURT:

"Q. The only thing you are sure of is that you were not sworn?

"A. I was not sworn.

"Q. The Magistrate did not ask you to put your hand on a Bible and swear to it?

"A. That's right.

"Q. You are positive you were not sworn?

"A. That's right."

It is clear beyond question that the officer was not sworn prior to the issuance of the search warrant by the magistrate. The Commonwealth argues, however, that, because the magistrate's seal appears on the warrant, no court has the power to inquire into the validity of the issuance of the warrant itself. Needless to say, the court finds this contention to be without merit.

The most essential feature of the search warrant is that it be supported by oath or affirmation subscribed to by the affiant (Commonwealth v. Schwartz, 82 Pa. Superior Ct. 369; Commonwealth of Pa. v. Scanlon, 84 Pa. Superior Ct. 569), and that if essential features are lacking, the court is warranted in quashing the warrant on motion: Commonwealth v. Loesel, 155 Pa. Superior Ct. 461; Commonwealth of Pa. v. Scanlon, supra.

Surely, if search warrants are to be issued in the manner described above by the arresting officer, protection afforded citizens under the Constitutions of the United States and of this Commonwealth would be reduced to a nullity and leave the peoples' homes and places of business secure only in the discretion of police officers; a state of affairs that this court shall never tolerate or sanction. The point is that the protection of the fourth amendment consists of requiring that the inferences be drawn by a neutral and detached magistrate after hearing, under oath or affirmation, the testimony of the officer seeking the warrant, instead of, as here, being judged by the officer engaged in the enterprise of seeking out crime.

Crime, even in the privacy of one's own quarters or business establishment, is, of course, of great concern to society and the law allows such crime to be reached on proper showing. The right of officers to thrust themselves into a home is also of great concern, not only to the individual but to a society which chooses to dwell in reasonable security and freedom from surveillance. When the right of privacy must reasonably yield to the right of search, then it is as a rule to be decided by a judicial officer, the magistrate, not by a police officer or other government enforcement agent.

In the case at bar, no reason is offered for the officers not presenting sworn testimony before the magistrate except, presumably, the inconvenience to the officers and some slight delay necessary in following and carrying out the mandates of the Constitutions of the United States and the Commonwealth of Pennsylvania. These are, however, never very convincing reasons and, in these circumstances, certainly are not enough to by-pass the constitutional requirements. No suspect was fleeing or likely to take flight. The search was of permanent premises, not of a movable vehicle. No evidence or contraband was threatened with removal or destruction. The evidence of its existence before the search was adequate and the testimony of the officers to that effect would not perish from the delay of testifying before the magistrate under oath or affirmation.

If the officers in this case were excused from their constitutional duty of presenting their evidence under oath or affirmation before a magistrate, it is difficult to think of a case in which it should be required.

## Order

And now, December 4, 1961, the motion to suppress the evidence is granted and the demurrer is sustained.