## Glockner *v.* Pennsylvania Railroad Co., Appellant.

*Negligence—Railroads—Master and servant—Defective coupler—Safety appliance—Federal acts—Contributory negligence—Federal Employers' Liability Act of 1908—Federal Safety Appliance Act.*

1. A brakeman who is injured while engaged in interstate commerce employment, by the failure of a defective coupler to act, may recover damages from his employer, although he himself may have been guilty of contributory negligence.

2. The Federal Safety Appliance Act provides that an employee shall not be held to have assumed the risk of an injury due to the use of a coupling which fails to comply with the law, and the Federal Employers' Liability Act of 1908 takes away the defense of contributory negligence if a defective coupler contributed to the injury.

*Appeals—Statement of questions involved—Evidence.*

3. Questions sought to be raised in the appellate court will not be considered if they are not included in the appellant's statement of questions involved.

Argued October 14, 1921. Appeal, No. 145, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1920, No. 261, on verdict for plaintiff, in case of Frank J. Glockner v. Pennsylvania Railroad Co. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before SHAFER, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $6,865.84.    Defendant appealed.

*Errors assigned,* among others, were refusal of judgment n. o. v. for defendant, quoting order, and various rulings and instructions (not included in the statement of questions involved), quoting the record.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant, cited: St. L. & S. F. R. R. v. Conarty, 238 U. S. 243.

*J. Thomas Hoffman,* for appellee, cited: Louisville & Nashville R. R. v. Layton, 243 U. S. 621; Lindway v. R. R., 268 Pa. 491; C., B. & Q. R. R. v. U. S., 220 U. S. 574; San Antonio Ry. v. Wagner, 241 U. S. 477; St. Louis & I. Ry. v. Taylor, 210 U. S. 281; C., R. I. & P. R. R. v. Brown, 229 U. S. 321.

OPINION BY MR. JUSTICE FRAZER, January 3, 1922:

On the evening of March 29, 1917, between 9:30 and 10 o'clock, plaintiff, employed by defendant as a yard brakeman, was injured by falling over an obstruction while walking alongside a slowly moving train, for the purpose of holding in place the lockpin of a defective car coupling device.   In the statement of claim it is alleged plaintiff was in the performance of his duties, at the time engaged in interstate commerce, and that defendant failed to comply with the provision of the Federal Safety Appliance Act, requiring its cars to be equipped with automatic couplers operated without the necessity of the brakeman placing himself between the ends of the cars.   The verdict of the jury in favor of plaintiff established the existence of a defective coupler and that its defect contributed to plaintiff's injury. From the judgment entered defendant appealed.   We must, therefore, consider whether there is evidence to sustain this finding.

The coupler used on the car in question was equipped with a lockpin, adjustible by a hand lever operated from the side of the car, thus avoiding the necessity of the brakeman placing himself in a dangerous position between the cars. The evidence shows that if a coupler of this pattern is in proper working condition the pin, when raised by the lift-lever, remains upright and the cars become uncoupled and separated from others of the train.

In this case the pin, after being raised by the lever, failed to remain in place and release the coupling pin, and to overcome this defect plaintiff walked alongside of the cars with his hand on the lift-lever, holding the pin in position, as the train was backing slowly. While proceeding in this manner he fell over an iron beam which extended into his pathway, receiving the injury for which this action was brought to recover damages. Witnesses who examined the coupler following the accident testified that the lock-pin, designed to hold the coupling pin in place when raised, was missing.

The contention of appellant is that,—it being conceded the pin was susceptible of being raised by the lift-lever without the necessity of plaintiff going between the ends of the cars, even though it refused to remain in position when raised by the lifting appliance, and, as no necessity appeared for plaintiff to raise the pin until the cars came to a stop,—plaintiff's negligence and not the defective condition of the coupler, was the proximate cause of the accident. Assuming plaintiff was negligent in attempting to prematurely uncouple the cars and in adopting a dangerous method in so doing, in place of a safer one, his improper act will not relieve defendant from liability. The Federal Safety Appliance Act provides that an employee shall not be held to have assumed the risk of an injury due to the use of a coupling which fails to comply with the law, and the Federal Employers' Liability Act of 1908 takes away the defense of contributory negligence if a defective coupler contributed

to the injury. Consequently, if a defect existed in the coupler,—and the jury so found,—and an injury was sustained by the employee during an attempt to operate the device, plaintiff's negligence cannot be held to be a defense. See Crumley v. R. R., 272 Pa. 226, and federal decisions there cited.

In the third and fourth assignments of error, appellant attempts to raise questions relating to the competency of medical testimony introduced during the trial of the case and also to the correctness of language used by the trial judge at the conclusion of his charge. These assignments are without merit; however, as the questions sought to be raised are not included in appellant's statement of questions involved, they need not be considered further.

The judgment is affirmed.