# Commonwealth *v.* Grasse, Appellant.

*Criminal law—Unlawful possession and sale of drugs—Search and seizure—Constitutional guarantees.*

Cocaine found in a defendant's home, at the time of her arrest on a warrant for the illegal possession and sale of drugs, can be taken by officers making the arrest and can be offered in evidence at the trial.

It is not a violation of the constitutional guarantees against illegal search for officers, when making an arrest, with or without a search warrant, to discover and seize any evidence or fruits of the crime found upon the prisoner or on premises under his control, if it is directly connected with the offense charged.

The provisions of the Constitutions do not prevent the offering in evidence against one charged with the crime such evidence thus secured.

Under the Act of July 11, 1917, P. L. 758, the unlawful possession of drugs was a crime and evidence of such illegal possession was properly admitted.

*Trials—New trials—Impeachment of witness—After-discovered evidence.*

After-discovered evidence which only serves to impeach the credibility of a witness is not sufficient reason for granting a new trial.

Argued November 22, 1922. Appeal, No. 269, Oct. T., 1922, by defendant, from judgment and sentence of Mu-

480, (1923).] Statement of Facts—Opinion of the Court.

nicipal Court of Philadelphia, Nov. Sessions, 1921, No. 477, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Mae Grasse. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for the unlawful possession and sale of drugs. Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal to direct a verdict in favor of the defendant.

*Edgar W. Lank,* for appellant.—The seizure of the drugs was illegal and the conviction cannot be sustained: Constitution of the United States and Constitution of Pennsylvania, 1 Stewart's Purd. Dig. 73, 121; Boyd v. United States, 116 U. S. 616; Weeks v. United States, 232 U. S. 383; 24 Ruling Case Law 703; Gouled v. United States, 255 U. S. 298.

*Warren C. Graham,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., March 2, 1923:

The defendant was convicted and sentenced upon an indictment charging her with the unlawful possession and sale of a certain drug commonly known as cocaine. The indictment was drawn under the Act of July 11, 1917, P. L. 758. It is provided in the fourth section of the act that "No person shall have in his possession or under his control or deal in, dispense, sell,......any of said drugs." While this section does not apply to persons engaged in certain trades or callings or to persons hav-

ing said drugs in their possession for their own personal use only, provided that they have obtained the same in good faith for their own use from a duly licensed physician or dentist, or in pursuance of a prescription given them by a duly licensed physician or dentist, the defendant did not contend that she came within any of the exceptions provided in the section. It was uncontradicted that she was the proprietress of a rooming house consisting of properties Nos. 601 and 603 North Eleventh Street, Philadelphia. The Commonwealth called one Dorothy Tobin, an addict to the drug habit, who testified that during the month of September and the first two weeks of October, 1921, she bought heroin and cocaine from defendant at the rooming house. Police officers Walsh, Eiselman, Hicks and Pachelli testified that on October 15, 1921, pursuant to a complaint sworn to by Dorothy Tobin, they visited the rooming house of defendant and told her that they were there for the purpose of arresting her; that she invited them into the house where they found on a table two small boxes and a set of drug scales; that when the defendant was asked what was in the boxes she said "that is all I have got; you can search the rest of the house; I haven't got any more. I got this stuff for my own use"; that there were eleven small packages in one box and the other box contained white powder. Dr. Robertson, a city chemist, testified that the contents of the packages were cocaine and heroin mixed with milk sugar. The defense consisted of the defendant's testimony only. She denied every material allegation of the Commonwealth tending to establish guilt. Her answer to the count in the indictment charging unlawful possession of cocaine was that the drug was not in her possession, but was found in a room which she had rented to a boarder. Her counsel presented a point for binding instructions, which the court overruled. While exception was taken to the overruling of this point and the action of the court below is assigned for error, the point is not covered by the ap-

pellant's statement of the question involved and is not
properly before us: Glockner v. Pa. Railroad Co., 272
Pa. 312.   We have considered the point, however, with
the other questions raised and are satisfied that the evi-
dence was sufficient to sustain a conviction.

The questions upon which we are asked to pass are pre-
sented by appellant's statement of the question involved
as follows:

1. Whether a conviction for unlawful possession of
drugs can be sustained by evidence of drugs taken in ap-
pellant's house without a search warrant and without
defendant's consent, in violation of the constitutional
prohibitions against unreasonable searches and seizures?

2. Whether a new trial was improperly refused when
the Commonwealth's only witness as to the sale of drugs
was impeached by after-discovered evidence?

3. Correctness and adequacy of the charge of the
court as to reasonable doubt and defendant's consent to
search, and rulings on admission of and striking out
testimony.

1. When the defendant was arrested the officers took
from her premises certain quantities of cocaine and
heroin which were offered in evidence at the trial.   It
was objected then and is here insisted that it was error
to admit these exhibits in evidence, because they were
obtained by violating the rights secured to the defendant
by the Fourth Amendment of the Constitution of the
United States, and article I, section 8, of the Constitu-
tion of Pennsylvania.   This question might be dismissed
from consideration because there is ample evidence to
warrant a finding by the jury that defendant consented
to the search.   The constitutional provisions do not ap-
ply to one who consents to the search.   But, as the
proposition involves the consideration of our constitu-
tional guaranties against unreasonable searches and
seizures, we shall pass upon it.   The reason assigned was
not sufficient to justify the exclusion of the offer: Com.
v. Vigilotti, 75 Pa. Superior Ct. 378.   The decision in

that case is in harmony with what has been held in the majority of the state courts and we have no disposition to depart from it or modify it. The language of Judge HENDERSON, who spoke for the court, is applicable to the case before us: "Conceding that the packages were taken from the store and residence of the defendants without authority, the admissibility of the evidence is not affected by the legality of the means through which it was obtained. The court will not suspend the conduct of a trial to enter into a collateral inquiry as to the means through which the evidence otherwise competent was obtained. If a wrong was done the owner, his remedy is in a different forum: Adams v. New York, 192 U. S. 594; Com. v. Dana, 2 Metcalf 329; Cluet v. Rosenthal, 100 Mich. 193; 1 Greenleaf's Evidence, section 254; 3 Wigmore on Evidence, section 2183." It was the duty of the officers to take into custody any personal property found in the possession of the prisoner which fairly could be used as evidence against her at the trial for the offense charged. It has never been held by the courts of Pennsylvania and, speaking for myself only, I think it is not likely to be held, that it is a violation of our constitutional guaranties against illegal search and seizure for officers, when making an arrest with or without a search warrant, to discover and seize any evidence or fruits of the crime found upon the prisoner or on premises under his control, if it is directly connected with the offense charged. It has not yet been held that a burglar or counterfeiter has the right to the return to him of the implements or tools of his trade seized by an officer without a search warrant; nor that a thief is entitled to have returned to him stolen goods found in his possession. The provisions of the Constitutions here invoked do not prevent the offering in evidence against one charged with crime such evidence thus secured. This constitutes merely an incidental seizure of evidence of crime in the execution of a lawful arrest and not the wrongful invasion of the home by an unwar-

ranted seizure of property: Weeks v. United States, 232
U. S. 383; Adams v. New York, 192 U. S. 585; Boyd v.
United States, 116 U. S. 616. The case of Gouled v.
United States, 252 U. S. 298, is cited by appellant as
ruling otherwise. We do not so read it, nor do we con-
sider it as departing from what has been ruled in the
Weeks, Boyd and Adams cases, supra. What that case
decides is that where the defendant has no knowledge
until the trial that the government has in its possession
as evidence against him certain papers which were ob-
tained from his office by an unlawful search and seizure,
objection then made to the admission of the evidence is
in time and the admission thereof was error. There is
nothing in the opinion which even suggests that the
constitutional inhibition against unlawful search and
seizure is applicable to evidence or fruits of crime se-
cured from the person of the defendant or upon premises
under his control at the time of his lawful arrest. On
the contrary, the Boyd, Adams and Weeks cases, supra,
are cited as authority for the decision. In those cases,
the right of seizure of property under circumstances
like those in the present case is expressly recognized as
not in violation of the Federal Constitution and as
having the sanction of the common law. It is well set-
tled that the provisions of the Constitution of the United
States under discussion are a limitation only upon the
action of officers of the United States and not upon the
action of private persons or state officials, and that its
object was to restrain and prevent arbitrary and despotic
action by the national sovereignty and those acting under
it. Therefore, the decisions of the federal courts are
advisory only upon the question before us. We have
considered it our duty, however, because of the fre-
quency with which Gouled v. United States is cited as
sustaining the position taken by the defendant, to point
out that the decision does not support the contention
here made. We are of opinion that the seizure of the
drugs in question and the offer of them in evidence was

not a violation of the rights secured to defendant by the Constitution of the United States or by the Constitution of Pennsylvania.

2. The second proposition advanced is that the court below should have granted a new trial upon the after-discovered evidence impeaching the credibility of the witness, Dorothy Tobin, who was the only witness who testified as to the sales of cocaine by defendant. Tested by the fundamental principles applicable to the granting of new trials on the ground of after-discovered evidence, this contention is without merit. Passing the question whether the evidence is, in fact, after-discovered in the true sense, the effect thereof is merely to impeach the credibility of a witness. This was not sufficient to warrant the granting of a new trial below: Com. v. Williams, 2 Ashmead 69. It wholly fails to establish an abuse of discretion in refusing a new trial. It is only when such abuse is assigned for error that we will consider such a point.

3. Exception is taken to the correctness and adequacy of the charge as to "reasonable doubt." The jury were told that the burden was on the Commonwealth to convince them beyond a reasonable doubt of the guilt of defendant, that this meant a doubt based upon reason and that, if they had a reasonable doubt as to defendant's guilt, she was entitled to the benefit of the doubt and to an acquittal. This was sufficient. Our Supreme Court has never held it reversible error to charge on this subject in the very language of the law and stop at that, when no further instruction on the subject has been requested: Com. v. Berney, 262 Pa. 176. The objection to the admission and refusal to strike out certain evidence is based upon the contention that the evidence objected to was inadmissible because it was obtained in violation of the rights secured to the defendant by the constitutional provisions as to unreasonable searches and seizures. We deem it unnecessary to add anything to what we have said already upon this subject.

480,(1923).]          Opinion of the Court.

We find no support for any of the assignments of error. The defendant had a fair trial and was convicted on both counts of the indictment, either of which would support the sentence. Therefore, all of the assignments are overruled and the judgment is affirmed.