## Commonwealth v. Dabberio.

*Criminal law—Liquor law—Unlawful possession of liquors—Contraband—Seizure—Warrant—Justice of the peace—Act of March 27, 1923.*

1. Where liquors unlawfully possessed are seized, they become contraband and forfeited to the Commonwealth, and it is immaterial whether the search warrant under which they were seized was lawful or not.

2. Such liquors may be properly offered in evidence at the trial of the defendant in whose possession they were found.

3. The defendant cannot, either before or after the trial, demand their return.

4. The lower courts of Pennsylvania in construing the enforcement features of the Act of March 27, 1923, P. L. 34, must follow the decisions of the appellate court of Pennsylvania and not those of the Federal courts.

5. On a petition to the Quarter Sessions to suppress liquors as evidence and to order their return to the petitioner, the court will not set aside and vacate proceedings before a justice of the peace before whom the case originated.

6. A justice of the peace is not required to enter into a judicial hearing, call witnesses, and, after considering the evidence, make a judicial finding of record that probable cause exists before issuing a search warrant. If the complaint shows probable cause the warrant may issue.

7. The failure of a justice of the peace to comply strictly with the letter of the law will not invalidate the proceedings before him; substantial compliance is all that is required.

8. A search warrant which is blank as to the place or premises to be searched is wholly inadequate, and does not justify or authorize an officer to make a search of any premises.

9. The rule as to the sufficiency of a search warrant in describing the person or place to be searched should at least be as strict as that governing a general warrant for the arrest of a person charged with crime.

Petition to suppress liquors as evidence and for their return to petitioner. Q. S. Bradford Co., Sept. Sess., 1925, No. 29.

*D. J. Fanning,* District Attorney for Commonwealth.

*C. E. Mills, W. G. Schrier* and *Lilley & Wilson,* for petitioner.

CULVER, P. J., Jan. 19, 1926.—In this case the alleged search warrant was issued by Justice Shaw, of Athens Borough, upon the sworn complaint of Corporal Roos, of the State Constabulary, and he searched a two-story building occupied as a store at No. 104 south side of East Lockhart Street, in the Borough of Sayre, Bradford County, Pennsylvania, and found considerable quantity of beverages containing more than one-half of 1 per cent. alcoholic contents. A number of samples of these liquors were taken by Corporal Roos and have been analyzed and are being held by the district attorney for use as evidence in the trial of the defendant, who has been indicted for a violation of the liquor law.

Defendant in this application asks the court to make an order directing that said property so taken be suppressed as evidence and the same returned to the custody and possession of the defendant and the search warrant quashed.

Counsel for defendant base this request upon the following allegations:

(a) That the complaint upon which the search warrant in question was issued does not contain sufficient to warrant the justice in finding that probable cause existed for the issuance of the same.

(b) That the allegations contained in the said complaint were untrue.

(c) That the justice did not judicially find that probable cause existed.

(d) That the search warrant as issued was defective and invalid, in that it did not designate any particular place to be searched by virtue of it.

Commonwealth *v.* Dabberio.

The proceedings in this case are founded upon the Enforcement Act of Pennsylvania, approved March 27, 1923, P. L. 34, and in determining the questions raised in this application it is necessary to consider this entire act, and especially certain provisions therein. The general rule of interpretation of penal statutes is that they shall be construed strictly, but the legislature, in passing the act now under consideration, determining that offenders of this law shall not escape punishment on technicalities, wisely provided, in section 1, as follows: "That this entire act is an exercise of the power granted by Amendment XVIII of the Constitution of the United States and of the police power of this Commonwealth for the protection of the public welfare, health, peace, safety and morals of the people of this Commonwealth—*and all its provisions shall be liberally construed for the accomplishment of these purposes.*"

Section 4 of the same act contains the following provision: "That proof of the possession of such intoxicating liquor shall be *prima facie* evidence that the same was acquired, possessed and used in violation of this act."

The last paragraph of section 8 is as follows: "The right to a search warrant, as provided for in this section, shall be in addition to all other rights of search and seizure now existing under law."

Section 11, sub-division *(a)*, provides:

"No property rights shall exist in any intoxicating liquor or property designed for the manufacture or sale of intoxicating liquor intended for use in violating any of the provisions of this act, or which has been so used, but, upon possession or use of any such intoxicating liquor or property in violation of this act, the same shall be deemed contraband and shall be forfeited to the Commonwealth. . . .

"No such intoxicating liquor or property, or vehicle, team, conveyance, craft, receptacle, or other property, when in the custody of the law or of any officer, shall be seized or taken therefrom on any writ of replevin or other like process."

Under the decisions of this State, it seems clear to us that the defendant's application must be denied, yet, nevertheless, as petitioner's counsel stated to the court at the hearing their desire and intention of having the matter passed upon by the appellate court, we permitted them to introduce all of the evidence they offered as to the investigation made by the district attorney, the complainant, and others, the action of the magistrate who issued the search warrant, and to introduce in evidence the complaint and search warrant and return thereon.

If this question were to be determined by the decisions of the United States Supreme Court, or the decisions of some of the states, we are of opinion that the prayer of the petitioner should be granted, because we believe the search warrant under which the search was made and the property seized was invalid because of its vagueness and indefiniteness as to the place to be searched, which question is discussed herein later. Unfortunately for the petitioner, this question must be determined by the decisions of the courts of Pennsylvania, and as we interpret those decisions, no one of petitioner's prayers can be granted, as the property seized by this search warrant is contraband property, which has no legal standing and in which petitioner can have no property right as against the Commonwealth, and cannot compel return of it to him, nor, under our decisions, can he prevent it being used as evidence against him, even though the process under which the search and seizure were made was invalid. This seems clearly settled in Com. *v.* Schwartz, 82 Pa. Superior Ct. 369, where Keller, J., discussing this question (page 377), said:

"But, irrespective of the legality of the search warrant, we are of opinion that, as the goods seized were contraband and forfeited to the Commonwealth (Act of March 27, 1923, § 11, P. L. 34), and the defendant, as against the Commonwealth, could have no property in them, or right to their possession and use in violation of law, the court below rightly refused to order their return to the defendant and admitted them in evidence at the trial.

"Appellant's argument that the liquors were not admissible in evidence is based on the decisions of the Supreme Court of the United States and other cases following the Boyd case, which hold that it is repugnant to the 4th and 5th Amendments to the Federal Constitution to require a defendant to produce his private books and papers in evidence on the trial of a penal or criminal proceeding against him, or to permit their introduction in evidence on such trial, against his objection, when unlawfully seized by Government officials or agents, whether forcibly or surreptitiously.

"It is well settled that the limitations imposed by the 4th and 5th Amendments to the Federal Constitution do not apply to the several states; they affect only the Government of the United States and Federal officials in the exercise of their power and authority: Lloyd v. Dollison, 194 U. S. 445; National Safe Deposit Co. v. Stead, 232 U. S. 58; Weeks v. United States, *supra*, pages 391, 392, 398. Thus it has been held that if the wrongful seizure was not made by or with the connivance of Government officials, the defendant may not have his private papers returned to him and they are admissible on the trial against him if relevant evidence: Burdau v. McDowell, 256 U. S. 465. The decisions relied upon by appellant are, therefore, not binding upon the states, even in the construction of similar provisions in their own constitutions: Com. v. Grasse, 80 Pa. Superior Ct. 480, 485.

"The principle contended for by the appellant has not been adopted as the law in this state. The same contention was advanced in Com. v. Vigliotti, 75 Pa. Superior Ct. 366, but was ruled adversely to the defendant. Judge Henderson there said: 'Conceding that the packages were taken from the store and residence of the defendants without authority, the admissibility of the evidence is not affected by the illegality of the means through which it was obtained.' " . . .

On page 379, Keller, J., further said: "Furthermore, there is a wide difference between contraband articles, the possession of which is, in itself, a crime, and private papers, in themselves innocent, which are only evidential in character. As was said in State v. Stoffels, 89 Minn. 205, 94 N. W. Repr. 675: 'There is a clear distinction between a man's private papers which are neither the subject of crime nor the means of perpetrating it and stolen property, implements of gaming and other property kept and used for an unlawful purpose.' There is no more reason why intoxicating liquors unlawfully possessed, no matter how obtained by, or how they came into the custody of, the Commonwealth, should be returned again to the criminal possession of the defendant than there is that stolen goods similarly obtained should be returned to the thief, or that counterfeit plates and money should be handed back to the counterfeiter to pursue again his nefarious trade with them. If the defendant's civil or constitutional rights have been infringed by the manner of their seizure, he has his remedy, civil or criminal, as the case may be, against the offender. But the wrong done him as an individual in this respect, if any, is not rectified by committing another wrong against the public; the injury to his constitutional rights is not vindicated by freeing him of a charge of which he is guilty and handing him back the articles which he has no legal

Commonwealth v. Dabberio.

right to possess, in order that he may again violate the laws of the Commonwealth: Rosanski v. State, *supra*."

In Com. v. Scanlon, 84 Pa. Superior Ct. 569, Keller, J. (page 573), said: "We held in Com. v. Holgate, 63 Pa. Superior Ct. 246, 254, which was a prosecution for larceny and receiving stolen goods, that evidence might be given on the trial irrespective of the legality of the search warrant under which it was discovered. This ruling has been sustained and followed in the recent cases in this court involving intoxicating liquors and narcotic drugs cited above."

In Com. v. Vanderpool, 84 Pa. Superior Ct. 552, the court held (page 554) as follows: "There can be no lawful possession in the appellant of apparatus used in the unlawful manufacture of whiskey nor of whiskey made by him. They are contraband and forfeited to the Commonwealth, and, irrespective of how they were obtained by, or how they came into the custody of, the Commonwealth, they will not be returned to the criminal possession of the appellant."

The provision of the Constitution of Pennsylvania is different than the provisions of the Federal Constitution.

"The provision of the Constitution of Pennsylvania which secures the citizen against unreasonable search and seizure, therefore, does not apply to property, the possession of which has been absolutely prohibited by the statute.

"It was not error for the trial court to refuse to order the liquors seized to be returned to the defendant. There can be no lawful possession of such liquor, and the act declares there can be no property right in them:" Com. v. Rubin, 82 Pa. Superior Ct. 315.

In Com. v. Vigliotti, 75 Pa. Superior Ct. 378, it was held: "Conceding that the packages were taken from the store and residence of the defendants without authority, the admissibility of the evidence is not affected by the illegality of the means through which it was obtained."

And, again, on the same page, the court further held: Citing Adams v. New York, 192 U. S. 594; Com. v. Dana, 2 Metcalf, 329; Cluet v. Rosenthal, 100 Mich. 193; 1 Greenleaf's Evidence, § 254; 3 Wigmore on Evidence, § 2183; Com. v. Grasse, 80 Pa. Superior Ct. 485, declares: "It is well settled that the provisions of the Constitution of the United States under discussion are a limitation only upon the action of officers of the United States and not upon the action of private persons or state officials, and that its object was to restrain and prevent arbitrary and despotic action by the national sovereignty and those acting under it. Therefore, the decisions of the Federal courts are advisory only upon the question before us."

In support of the application in this case, counsel for petitioner have presented a very carefully prepared brief, in which many Federal and cases from other states are cited in support of their contention, and calling attention of the court to the recent case of Agnello v. United States, 46 Sup. Ct. Repr. 4, the reasoning of which is in conflict with that of our own case, Com. v. Schwartz, 82 Pa. Superior Ct. 369. However the decisions of the United States Supreme Court may be in interpreting the Federal Constitution and laws, those decisions are not binding on the courts of Pennsylvania, and this court must follow the rules laid down by our own appellate courts, and, in our opinion, the rules laid down by the Superior Court of Pennsylvania in the various cases recently considered by it in interpreting our Constitution and laws relating to the enforcement law in question are more logical and

reasonable than are the Federal decisions and the decisions of other states declaring different rules.

3 Encyclopædia of Evidence, 182, sub-division B, is as follows: "The fact that evidence has been secured by an unlawful search of the person or premises of the defendant in a criminal case will not serve to exclude it. Nor does its introduction violate the constitutional immunity from unlawful seizures and searches, or require the defendant to furnish evidence against himself, unless the unlawful act is done by the order of the court."

As supporting the first of the above propositions, note 66, on the same page, gives a list of English authorities and a long list of authorities of the following states, viz.: Alabama, Arkansas, Connecticut, Georgia, Maine, Massachusetts, Michigan, Missouri, Nebraska, New Hampshire, New Jersey, South Carolina, Washington and West Virginia. Certainly the Pennsylvania cases hold the same rule.

We are, therefore, of opinion that, under the decisions of Pennsylvania, the prayer of the petitioner must be refused.

We have been requested by petitioner to make specific findings of fact and conclusions of law relating to the regularity and validity of the search and seizure process used in this case, and by an amendment to the original petition we are asked to quash the search warrant issued in this case. As to this last request, while we may properly express our opinion as to the validity and regularity of the search and seizure proceedings, we have no authority or jurisdiction to quash the proceedings before the justice. If the regularity of the proceedings before the justice is to be questioned in any manner wherein those proceedings may be vacated and set aside, it must be in the proceeding provided by law for that purpose, and cannot be in this collateral proceeding.

We are of opinion, under the authorities of this state, that the complaint sworn to by Corporal Roos before the justice of the peace was sufficient to warrant the justice in determining that probable cause existed for issuing the warrant, and we are further of opinion that the justice of the peace was warranted, if he believed the sworn affidavit of Corporal Roos (whether the facts therein alleged were true or untrue), in finding that there was probable cause for the relief asked.

We are further of opinion that the justice of the peace did judicially determine that matter, as the warrant which he issued and of which complaint is made contained the following: "Now, it appearing to the undersigned that there is probable cause for such belief, these are, therefore, to command you and every one of you, by day or by night, to enter the aforesaid premises, etc."

We have never understood it was necessary, nor do we believe it is under the practice in this State, for a justice of the peace to enter into a judicial hearing, call witnesses, and, after considering the evidence, make a judicial finding of record that probable cause exists before issuing a search warrant, and we are of opinion that when Corporal Roos came before the justice with the complaint in this case, in which he stated under oath: "That upon information received and after due thorough investigation, there is probable cause to believe, and affiant has just and reasonable grounds for believing, and does believe, that intoxicating liquor . . . is being unlawfully manufactured, sold, offered for sale, bartered, furnished, transported and possessed for beverage purposes." And further stating under oath as follows: "That the following are reasons for the probable cause above stated and affiant's belief, to wit: That he has been informed by credible persons that they have bought from the defendants intoxicating liquor at the place above described, and from his

### Commonwealth v. Dabberio.

own observation he is satisfied that there is probable cause to believe that the premises are being used as above set forth because of the character of the persons frequenting said premises, their habits and the fact that they have been using, while frequenting said premises, intoxicating liquor; and he has been informed by credible persons that the said premises are being used for the unlawful sale of intoxicating liquor, and from his own observation and from the information obtained he is satisfied the said premises are being used unlawfully for the purposes above set forth," the justice, if he believe this affidavit to be true, as he testified he did, was justified in finding that probable cause did exist, "that question of probable cause being one to be determined by the judicial officer issuing the warrant:" Cochran v. State, 105 Ohio St. 541, 138 N. E. Repr. 54; Com. v. Intoxicating Liquors, 103 Mass. 448.

"Probable cause does not import absolute certainty. It only implies reasonable grounds for belief, and the justice issuing the search warrant is the authority to be satisfied that probable cause exists:" Com. v. Schwartz, 82 Pa. Superior Ct. 369, 375.

Petitioner alleges, also, that the search and seizure proceedings were illegal and invalid because the officer executing the warrant did not bring the liquors found to the magistrate who issued the same, nor did the magistrate dispose of them as provided by law. We do not think this contention is well founded. The evidence taken shows that Corporal Roos did actually bring the liquor found to the office of the committing magistrate, and that the committing magistrate permitted him to bring it to Towanda, and that the same is now in the custody of, or under the control of, the district attorney.

Paragraph 3 of section 8 of the Enforcement Law in question is as follows: "If no person shall be found in the possession thereof, or if, upon preliminary hearing, the person or persons so arrested shall be bound over to appear at the Court of Quarter Sessions of the peace, or the person or persons so arrested shall be discharged, having denied the ownership or possession thereof, it shall be the duty of the said alderman, justice of the peace or magistrate to deliver the said thing or things so seized or taken to the district attorney, *or the person designated by him,* to be held by him subject to such disposition *by the court as is hereinafter provided.*"

We think what the justice did in permitting Corporal Roos, who was the person designated by the district attorney, to make the complaint and execute the papers in this case was a substantial compliance with the law. Moreover, the failure of the justice to comply strictly with the letter of the law will not invalidate the process, as substantial compliance is all that is required.

"The failure of the justice to include in the warrant a direction to bring the liquors seized under the warrant to him for disposition according to law is not fatal to the search made pursuant to the warrant (numerous citations). The justice is not to keep the seized liquors himself, but is to deliver them to the district attorney (section 8). As a matter of fact, in this case it is admitted that the liquors were taken to the justice with the return of the warrant and were directed by him to be held by the chief of police until delivered to the district attorney. There does not seem to have been any question that the liquors produced at the trial were found on defendant's premises when the search was made:" Com. v. Schwartz, 82 Pa. Superior Ct. 369, 376.

There can be no question that the liquors now under control of the district attorney are the liquors taken from petitioner's premises, as the petitioner so alleges and is asking in this proceeding that the same be returned to him.

We believe the information given to Corporal Roos by the district attorney as to the result of his investigation and the information he had obtained by interviewing credible persons who had purchased intoxicating liquors of the defendant at the place in question is sufficient to warrant Corporal Roos in making the complaint, and if the justice believed those statements, when sworn to by Corporal Roos, is sufficient to warrant him in finding probable cause exists. We think this is held by the Supreme Court of our State as follows: "Probable cause does not depend on the state of the case in point of fact, but upon the honest and reasonable belief of the party prosecuting. Among the numerous attempts to define it are: 'A reasonable ground of suspicion, supported by circumstances sufficient to warrant a cautious man in believing that the party is guilty of the offence,' and 'a deceptive appearance of guilt arising from facts and circumstances misapprehended, or misunderstood, so far as to produce belief.' The substance of all the definitions is a reasonable ground for belief of guilt. *Representations of others may be an adequate foundation for it, especially if made by those who have had opportunities for knowledge or who have made investigation:*" McCarthy *v.* De Armit, 99 Pa. 63, 69.

In this case, however, probable cause in point of fact actually did exist, as the result of the search established.

When we consider the validity of the warrant which was issued in this matter, another question arises. The warrant issued by the justice of the peace was *blank* as to the place or premises to be searched. There was no description whatever of the place to be searched. That portion of the warrant reading as follows: "Unlawfully possessed by one Dan De ——— in a ——— building occupied as ——— and situate in the Borough of Sayre, County of Bradford and State of Pennsylvania, ——— and which said premises are being used for the unlawful sale of intoxicating liquor."

We are clearly of opinion that this description of the place to be searched was wholly inadequate, and that the warrant in question did not justify or authorize the officer in searching the premises of the defendant. If a search warrant can be issued in *blank* as to the premises to be searched, and an officer armed therewith can, at his pleasure, search any place to which his fancy may direct him, and, after making the search, fill in the warrant or have the justice fill it in to correspond with the place searched, it would be a very dangerous practice, and one which, we think, under our Constitution and laws, is forbidden. It is, therefore, our opinion that, while the complaint upon which the warrant issued, except in not describing the premises to be searched, was sufficient to justify its issuance, the warrant itself was invalid by reason of its being too vague and indefinite as to the place to be searched.

We believe the rule as to the sufficiency of a search warrant in describing the person or place to be searched should at least be as strict as that governing a general warrant for the arrest of a person charged with crime. In 4 Blackstone, 291, we find the following: "A general warrant to apprehend all persons suspected, without naming or particularly describing any person in special, is illegal and void for its uncertainty. . . . And a warrant to apprehend all persons guilty of a crime therein specified is no legal warrant, for the point upon which its authority rests is a fact to be decided on a subsequent trial, namely, whether the person apprehended thereupon be really guilty or not. It is, therefore, in fact, no warrant at all, for it will not justify the officer who acts under it; whereas, a warrant properly penned (even though the magistrate who issues it should exceed his jurisdiction) will, by

Commonwealth v. Dabberio.

Statute 24 Geo. II, ch. 44, at all events, indemnify the officer who executes the same ministerially."

We do not consider it necessary to pass upon the question as to whether or not the information received by Corporal Roos from the district attorney, who had been investigating the defendant, was sufficient to warrant him in making the complaint to which he swore. He did make the complaint, and it was positive and direct, and the justice says he believed it to be true, and this, we think, is all that was necessary to warrant the justice in issuing the warrant.

If an application be made to a justice of the peace for a search warrant, and the complainant testifies positively to facts which are fully sufficient to justify the justice in finding probable cause, yet which are wholly untrue, and the justice believes those facts and bases his finding that probable cause exists thereon and issues a search warrant, places it in the hands of an officer (not the complainant), who executes it, we believe such warrant would be a justification to the officer and that he would not be liable in trespass because the witness produced before the justice, who testified to the facts showing probable cause, had testified falsely or obtained the facts he testified to from another officer. We are aware the case of People v. Elias, Supreme Court of Illinois (April 24, 1925), 147 N. E. Repr. 472, holds to the contrary. The following quotations from that case seems to state the gist of the case (page 475) : "A charge is not supported by affidavit unless it is supported by documentary *evidence* or testimony under oath competent to establish the charge in a court."

If that be the law and it is necessary to produce before the magistrate evidence sufficient to *convict* the defendant in court before he can issue a search warrant, few, if any, search warrants can ever be issued, nor would there be any necessity of issuing the same.

We believe the dissenting opinion of Farmer, J., in that same case (page 477), is the more reasonable, and that what the dissenting judge lacked in voting power is more than made up by the reasoning of his opinion.

We will now proceed to the finding of facts as requested.

"1. The complaint upon which the search warrant was issued did not describe the building to be searched or its location."

Answer: We so find. The complaint in this case did not describe the building complained of otherwise than that it was situated in Sayre Borough, Bradford County, Pennsylvania.

"2. The complaint recited probable cause in general terms only on a form prepared for use in all cases, without giving any specific information, and is wholly made up by conclusions."

Answer: Refused. The complaint states facts and not conclusions. Whether complainant had such personal knowledge as would make him a competent witness to establish the facts set forth in the complaint is another question. He did swear to them, and the justice testifies he believed them and based his finding that probable cause existed thereon.

"3. The facts recited in the said complaint are untrue in the following particulars: The complaint recites, 'after due, thorough investigation, there is probable cause to believe, and affiant has just and reasonable cause for believing, and does believe, that intoxicating liquor is being unlawfully manufactured, sold, offered for sale, bartered, furnished, transported and possessed for beverage purposes, and that certain containers thereof, mash, stills, coils, implements and other property designed and intended for use in the unlawful manufacture, sale and furnishing of intoxicating liquor for beverage purposes

are unlawfully possessed. . . .' The truth being that the affiant had made no investigation and had no cause for believing any of the facts therein recited and his knowledge upon the subject was based solely upon information given him by the district attorney, which information had previously been received by the district attorney from other persons and not from any investigation or knowledge which he himself possessed."

Answer: Refused as stated. We cannot find that, after such an investigation as the district attorney made, there was no probable cause for believing, nor can we find that the affiant did not have reasonable cause for believing, nor can we find that he did not believe, intoxicating liquors were being sold, etc. Probable cause for believing that the defendant was violating the law did actually exist, for the result of the search makes the *prima facie* case thereof. We do find that the complainant had only such information as was given him by the district attorney.

"4. The complaint also contains the following statement: 'That the following are reasons for the probable cause above recited and affiant's belief, to wit: That he has been informed by credible persons that they have bought from the defendant intoxicating liquor at the place described, and from his own observation he is satisfied that there is probable cause to believe that the premises are being used as above set forth because of the character of the persons frequenting the said premises, their habits and the fact that they had been using, while frequenting said premises, intoxicating liquor, and he has been informed by credible persons that the said premises are being used for the unlawful sale of intoxicating liquor, and from his own observation and from the information obtained he is satisfied the said premises are being used unlawfully for the purpose above set forth,' and at the time this complaint was made there were no premises described therein. The affiant did not know their location, had never been therein; he had not been informed by credible persons that they had bought intoxicating liquor at this place; he had made no observation whatever of the premises or of the character of the persons frequenting the premises or their habits, and he had not been informed by credible persons who claimed to have knowledge that the premises were being used unlawfully as therein set forth."

Answer: We so find, because no specific premises were described in the complaint.

"5. The complainant gave to the justice of the peace no other information than that contained in the affidavit for the search warrant."

Answer: We so find.

"6. The magistrate issuing the search warrant made no investigation and did not determine there was probable cause, but assumed that he should issue a search warrant when a complaint in this form was sworn to before him."

Answer: Refused. We think the magistrate did determine there was probable cause.

"7. The search warrant, when issued, was made out in blank and did not contain the description or location of the premises, and neither the complainant nor the justice of the peace knew where the premises were located at that time, but arranged for the officer to find out where the premises were located to search and then to have their description and location inserted into the warrant and complaint afterwards."

Answer: We so find.

"8. The information in this case was prepared by David J. Fanning, District Attorney of Bradford County, was handed to Edmund Roos, a member of the State Police, and he took it to the justice of the peace and swore to it

without having had any information on the subject from any person other than the district attorney."

Answer: We so find.

"9. The information possessed by the district attorney was based wholly upon what had been told him by other persons, the principal part being information given him by a committing magistrate at Sayre, which was itself based upon hearsay."

Answer: We so find.

### Conclusions of law.

"1. The complaint in this case in the form in which it existed at the time the search warrant was issued was insufficient and could not form the basis of a legal search warrant."

Answer: Affirmed. The description of the place to be searched was too indefinite and uncertain.

"2. The act of the justice of the peace in issuing a search warrant upon the complaint in this form was a nullity."

Answer: Refused as stated. If it be conceded, as stated in this conclusion, that a search warrant actually issued, we do not think it was a nullity, but we do think the paper issued did not amount to a search warrant, because it described no place to be searched, and was, therefore, no search warrant at all.

"3. The act of the justice of the peace in issuing a search warrant without making any investigation, and himself determining that probable cause existed, was illegal."

Answer: Refused. This is refused if it means the justice must make a personal investigation before determining that probable cause existed. We hold that the complaint made by Corporal Roos, and which the justice of the peace testified he believed, was sufficient to warrant him in determining that probable cause existed.

"4. The search warrant issued in blank, without describing the property and giving its location, was illegal and a nullity and gave the officer no power to search any property."

Answer: Affirmed.

"5. A search warrant issued by a magistrate, before whom evidence constituting probable cause has not been produced and without any proper finding of probable cause, is illegal and does not justify its holder in searching any one's premises."

Answer: If it is meant by this request that a search warrant which shows upon its face that it is invalid will not justify the officer to whom it is issued, we affirm the same, but if it is meant that a search warrant which is perfectly regular and valid upon its face is not a justification to the officer executing it, because the magistrate who issued it did not make the necessary inquiry before determining that probable cause existed for issuing it, we refuse the same.

"6. Edmund Roos, the officer, did not have in his possession at the time when he swore to the complaint and obtained the search warrant information constituting probable cause justifying the issuance of the search warrant."

Answer: Refused. This conclusion raises a clean-cut question. We believe that when a district attorney states to a police officer, who is acting under him, that he has made an investigation, that he has been told by credible witnesses that they have purchased intoxicating liquors from a certain

defendant at a certain place, and that from his own personal observation he is satisfied, considering the character of the people visiting the place and the fact that they were intoxicated while so visiting, and the other fact set forth in the complaint in this case, that reasonable cause exists for believing violations are taking place, and the officer to whom this report is made has confidence in his superior officer and is himself satisfied from that information that reasonable cause exists, it is information sufficient for him to act upon. Whether the evidence which the district attorney had, or whether the statement by the district attorney to him would be competent evidence in the trial of the case, is another matter, and we have no doubt it would not be, yet, nevertheless, we think Corporal Roos did have information sufficient to warrant him in acting, although it may not have been information obtained from such source as would be required in the actual trial of the case.

"7. The magistrate did not judicially determine that there was probable cause for the issuance of the search warrant and did not have information before him from which he could have judicially determined this fact."

Answer: Refused.

"8. The execution of the search warrant in this case was in violation of the constitutional rights of the defendant, Dan Dabberio."

Answer: Affirmed for the reason that the search warrant did not describe the place to be searched.

"9. The search warrant issued in this case was illegal and should be quashed."

Answer: We find the alleged search warrant in this case was irregular and invalid, because it did not describe with sufficient certainty any place to be searched, and was, therefore, in fact no search warrant at all.

"10. The articles taken from the premises of Dan Dabberio by use of this illegal search warrant cannot be used in evidence against him."

Answer: Refused.

"11. The evidence of intoxicating liquors upon the premises of Dan Dabberio, found by virtue of the search warrant in this case, cannot be used in evidence against him."

Answer: Refused.

(1) We are convinced and find the complaint in this case contains sufficient averments, if believed by the justice of the peace, to warrant him in finding that probable cause for issuing a search warrant existed if the complaint had included a reasonable description of the place to be searched.

(2) That the complaint in question and the attempted search warrant did not contain a sufficient description of the place to be searched.

(3) That the justice of the peace did find that probable cause existed.

(4) That an investigating officer may obtain by hearsay such "information" as to illegal traffic in intoxicating liquor as to warrant him in making a complaint upon information and belief, setting forth in such complaint the source of his information and the facts upon which he bases his belief that probable cause exists for believing that an illegal traffic in intoxicating liquors is being carried on at a described place.

(5) That the alleged search warrant issued in this case was invalid, because too vague and indefinite as to the place to be searched.

(6) That whether the process by which intoxicating liquor was taken by the investigating officer was legal or illegal is immaterial in this proceeding.

(7) That said intoxicating liquor ought not to be returned to the petitioner.

(8) That such intoxicating liquor ought not to be suppressed as evidence at the trial of petitioner.

(9) That we have no jurisdiction in this proceeding to quash the alleged search warrant.

And now, Jan. 19, 1926, the rule granted in this proceeding is discharged and each prayer of the petitioner is refused.

From Rodney A. Mercur, Towanda, Pa.